People of State of Illinois ex rel. Lyle G. Walker, Appellee, v. Timothy J. O'Connor, Commissioner of Police of City of Chicago et al., Appellants.

Gen. No. 45,957.

Opinion filed July 2, 1953. Rehearing allowed July 28, 1953. New opinion filed October 7, 1953. Released for publication December 14, 1953.

JOHN J. MORTIMER, Corporation Counsel, of Chicago, for appellants; L. LOUIS KARTON, Head of Appeals and Review Division, and EARL A. DEUTSCH, Assistant Corporation Counsel, both of Chicago, of counsel.

MICHAEL F. RYAN, of Chicago, for appellee; RICHARD F. McPARTLIN, JR., of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a mandamus suit to compel the reinstatement of the relator Walker to the Chicago Police Department from which he had been discharged. Defendants answered. The court found the issues for Walker and entered judgment that the writ be issued. Defendants have appealed.

Walker is married and has two children. He served in the United States Armed Forces for eighteen months in the South Pacific. Prior to his appointment to the police force he was a conductor for the Chicago Surface Lines and Chicago Transit Authority. He completed the Civil Service examination for patrolman in March, 1947. His name was placed on the list of successful candidates in September, 1947. He was certified by the Civil Service Commission for appointment October 8, 1951 and performed the duties assigned him until December 2 when he was suspended. The Police Commissioner on December 3, 1951 wrote the Commission for authority to discharge Walker. The Commission returned the letter asking that the Police Commissioner state the reason. December 4th the Police Commissioner wrote: "The reason for this request is he submitted a false official report relative to his indictment for the charge of rape." December 7, 1951 the Commission "granted authority" and Walker was discharged December 12th.

It is the City's position that Walker was discharged because he had answered "no" a question in the application to take the patrolman's examination "Have you ever been arrested or indicted?"

He was indicted for rape in 1929. In 1930 the case was heard and the complaining witness not appearing

Walker was told the case was dismissed. When he made the answer in the application in 1946 he "did not think that I had a record." When he was suspended from the police force in 1951 he learned that the rape charge had not been dismissed but was still pending. He then had a hearing and was found "not guilty" of the charges in the 1929 indictment.

The Director of Personnel of the Police Department made an investigation of Walker and submitted to the Police Commissioner a written report of the facts preceding and following the indictment. This report was signed by Walker. The Director of Personnel recommended that Walker be retained on the police force.

■ If the reason for discharging Walker was the giving of the false answer in the application for the patrolman's examination, the written reason assigned by the Police Commissioner is ambiguous. The application is not an "official report." The only evidence of an official report made by Walker relating to the indictment was the one signed by him in November, 1951. There is no claim that that was false.

■■ Walker was a probationer when discharged. The Police Commissioner proceeded under sec. 10 of the City Civil Service Act. (Chap. 24½, Ill. Rev. Stat. [1951, § 48; Jones Ill. Stats. Ann. 23.049].) He could discharge Walker only "by and with the consent" of the Civil Service Commission. When the Commission itself takes the "final action," its own Rule II, sec. 6 requires that a probationer, "appointee," be given an opportunity to be heard. *People ex rel. Bergquist v. Gregory,* 337 Ill. App. 661.

■■ We think the term "consent" in sec. 10 of the City Civil Service Act, implies an understanding of the thing consented to. Consent is an act of reason, accompanied with deliberation, the mind judging which is preferable. Black's Law Dictionary, p. 377, citing 1

Story, E. Jur. § 222 (4th ed., 1951). The Illinois Supreme Court in *People v. Wabash Ry. Co.*, 311 Ill. 579, 583 said, "A consent is an official act representing the judgment and consideration of. . . ." It is clear from the definition of consent in Webster's New International Dictionary (2d ed., 1949) that the term includes at least a meeting of the minds. How could the minds of the Commission and the Police Commissioner meet on the reason for Walker's discharge? The reason which the City contends the Police Commissioner had in mind as the basis for the discharge was not that stated in writing. Presumably the Commission gave its "consent" to the reason stated in writing. In this case that was not a protection to the patrolman against arbitrary action of a department head. We think that the requirement of "consent" implies the legislative intent of giving that protection. We do not hold that Walker was entitled to the kind of hearing contemplated in sec. 12 [Ill. Rev. Stats. 1951, ch. 24½, § 51; Jones Ill. Stats. Ann. 23.052] of the Act before discharge after probation. We hold that there was not compliance with the requirement of consent in sec. 10 of the City Civil Service Act.

██ The question whether the relator was required to appeal under the Administrative Review Act (chap. 110, Ill. Rev. Stat. [1951, §§ 264–279; Jones Ill. Stats. Ann. 104.094(1)–104.094(16)]) rather than bring this mandamus suit was not raised or passed upon at the trial. That question is not properly before us.

We need consider no other point presented.

The judgment is affirmed.

*Affirmed.*

FEINBERG, P. J. and LEWE, J., concur.