JUDITH A. BRUCE, as Adm'r of the Estate of Earl W. Bruce, Plaintiff and Counterdefendant-Appellant, v. LINDA HALTERMAN-FLYNN, as Ex'r of the Estate of Phillip Halterman, Defendant and Counterplaintiff-Appellee.

Third District   No. 3—86—0834

Opinion filed October 30, 1987.

Califf, Harper, Fox, Dailey, & Slover, P.C., of Moline (Mark D. Henss, of counsel), for appellant.

William Davis, of Davenport, Iowa, and Thomas C. Fritzsche, of Bettendorf, Iowa, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

This case involves the trial court's denial of counterdefendant/appellant's motion to dismiss counterplaintiff/appellee's counterclaim under the Wrongful Death Act (Ill. Rev. Stat. 1985, ch. 70, pars. 1, 2). In doing so, the trial court, pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308), certified two questions of law for review indicating that an immediate appeal would materially advance the ultimate termination of litigation. We allowed the appeal.

The two questions certified are: (1) does chapter 110, section 13—207 (Ill. Rev. Stat. 1985, ch. 110, par. 13—207) allow a counterclaimant for wrongful death to sue on the same set of facts set out in plaintiff's complaint for wrongful death when the counterclaim for wrongful death is brought more than two years after the date of death of the parties; (2) if chapter 110, section 13—207, does not allow the counter-

claimant to file his counterclaim on the same set of facts set out in plaintiff's complaint, does the rule of *Wilson v. Tromly* (1949), 404 Ill. 307, 89 N.E.2d 22, violate the equal protection clause of the United States Constitution and article I, section 2, of the Illinois Constitution by irrationally preventing counterclaimants from obtaining full justice on a claim, the facts of which plaintiff admits knowledge of by his pleadings, and does this irrationally treat plaintiffs who die from injuries differently than plaintiffs who are injured and live, in violation of the same constitutional provisions?

The facts of the case, for purposes here, are quite simple. On August 19, 1981, two motorboats collided upon the Mississippi River near Moline, Illinois. One of the boats was owned by Earl Bruce and the owner of the other was Frank Ege. The collision resulted in the deaths of Earl Bruce and Phillip Halterman, both of whom were occupants of the Bruce boat. Six other people were injured. There is some dispute as to who was driving the Bruce boat at the time of the accident.

The coroner's certificate of death indicates that Earl Bruce died August 20, 1981, and the coroner's certificate lists Phillip Halterman's date of death as August 24, 1981.

On August 15, 1983, Judith A. Bruce, as administrator of the estate of Earl W. Bruce, filed a wrongful death action against Frank C. Ege and Betty J. Jacobs, as administrators of the estate of Phillip Halterman, for the wrongful death of Earl W. Bruce. Subsequently, Linda Halterman-Flynn was substituted for Betty J. Jacobs as administrator of the estate of Phillip Halterman. Frank C. Ege is also no longer involved in this suit.

On June 25, 1986, Linda Halterman-Flynn, as executor of the estate of Phillip Halterman, filed a counterclaim for the wrongful death of Phillip Halterman against Judith A. Bruce, as administrator of the estate of Earl W. Bruce.

On October 29, 1986, the counterdefendant filed a motion to dismiss the wrongful death counterclaim. On December 4, 1986, the trial court, by memorandum opinion, denied the motion to dismiss counterclaim, holding that the counterclaim may be brought pursuant to the Illinois Code of Civil Procedure, section 13—207 (Ill. Rev. Stat. 1985, ch. 110, par. 13—207). The trial judge also certified the foregoing two questions of law.

Under Illinois law, all wrongful death actions must be "commenced within 2 years after the death of such person." (Ill. Rev. Stat. 1985, ch. 70, par. 2(c).) Appellee asserts, however, that the wrongful death two-year filing requirement does not apply to a situation where the counterclaimant is relying upon the same set of facts as the original

claimant, who timely filed within the two-year period. Instead, appellee argues that the counterclaim is actionable pursuant to the Illinois Code of Civil Procedure, section 13—207, which states as follows:

"A defendant may plead a set-off or counterclaim barred by the statute of limitation, while held and owned by him or her, to any action, the cause of which was owned by the plaintiff or person under whom he or she claims, before such set-off or counterclaim was so barred, and not otherwise. This section shall not affect the right of a bona fide assignee of a negotiable instrument assigned before due." Ill. Rev. Stat. 1985, ch. 110, par. 13—207.

The trial court also determined that section 13—207 applies and supported the conclusion by stating that the Illinois Supreme Court case of *Wilbon v. D. F. Bast Co.* (1978), 73 Ill. 2d 58, 382 N.E.2d 784, in effect overruled the court's prior decision in *Wilson v. Tromly* (1949), 404 Ill. 307, 89 N.E.2d 22.

In *Wilson*, the court held that a counterclaimant stating a cause of action for wrongful death based upon the same facts as the original claim requires dismissal as untimely filed if not filed within the time requirements set forth in the Wrongful Death Act. The prevailing wrongful death statute provided that "every such action shall be commenced within one year after the death of such person." (Ill. Rev. Stat. 1947, ch. 70, par. 2.) The court reasoned that the one-year requirement contained within the Act was a condition precedent attached to the right to sue and, therefore, not a statute of limitation. Accordingly, the court affirmed the trial court's dismissal of the counterclaim. Since *Wilson*, other courts have held that the two requirements of the Wrongful Death Act are a condition of liability, not a limitation. (*Phillips v. Elrod* (1985), 135 Ill. App. 3d 70, 478 N.E.2d 1078; *Kristan v. Belmont Community Hospital* (1977), 51 Ill. App. 3d 523, 366 N.E.2d 1068; *Wood Acceptance Co. v. King* (1974), 18 Ill. App. 3d 149, 309 N.E.2d 403 (counterclaim statute does not supplant fixed limitation expressed in statutes that create the actions).) Moreover, the condition precedent rationale has been applied to the one-year filing requirement contained within the Dramshop Act. (*Demchuk v. Duplancich* (1982), 92 Ill. 2d 1, 440 N.E.2d 112.) In *Demchuk* the court stated the general rule:

"[A] special limitation in a purely statutory cause of action, unlike a general statute of limitations, operates as a limitation of the liability itself and not the remedy alone. It is a condition attached to the right to bring the action, and plaintiffs must allege or state facts showing that the action is brought within the time

prescribed or they have failed to bring themselves within the compass of the Act." 92 Ill. 2d 1, 7, 440 N.E.2d 112, 115.

In *Wilbon*, the court considered the issue of whether the two-year requirement for commencing an action contained within the Wrongful Death Act applied to minors. After stating that the concept of the two-year "limitation" as being a condition of the existence of a wrongful death claim was much criticized and stemmed from questionable antecedents, the court held that the two-year requirement did not preclude a minor from enforcing a cause of action after reaching majority. *Wilbon v. D. F. Bast Co.* (1978), 73 Ill. 2d 58, 382 N.E.2d 784.

We disagree that *Wilbon* in effect overruled *Wilson*. *Wilbon* spoke to the narrow issue of whether the Wrongful Death Act two-year requirement for commencing actions tolled for minors. Nowhere in the *Wilbon* majority opinion was *Wilson* even mentioned. One is stretching the *Wilbon* decision out of context to apply the *Wilbon* rationale as authority for overruling *Wilson*. We agree that *Wilbon* contains language indicating that the basis for the *Wilson* decision is outdated and also agree with the trial judge that many exceptions have been applied to the two-year requirement of the Wrongful Death Act. In our opinion, however, *Wilson* is still good law and requires our deference.

As to the second issue of whether the rule announced in *Wilson* violates the equal protection clause of the United States Constitution and article I, section 2, of the Illinois Constitution, appellee and the trial judge both argue that there is no rational basis for allowing personal injury counterclaimants to be protected by section 13—207, but denying section 13—207 protection to counterclaimants under the Wrongful Death Act. To clarify this issue, we note that neither section 13—207 nor the two-year requirement for commencement of actions under the Wrongful Death Act is being challenged as unconstitutional by the trial judge. The challenge is based upon the *Wilson* application of what now is section 13—207 to wrongful death counterclaimants who base their claim on exactly the same set of facts as the original claimant. They argue that since personal injury victims are allowed to pursue counterclaims in these circumstances under section 13—207, the survivors of wrongful death victims are being unequally treated under the *Wilson* holding. In short, the argument appears to be that the above two types of counterclaimants should be categorized as in the same class of plaintiffs, who must be treated equally under both the United States and Illinois constitutions.

■ Although the application of the *Wilson* holding is being challenged, the question is still one of whether survivors of wrongful death victims are properly distinguished as a separate class under the

Wrongful Death Act. To this point, we note that actions for wrongful death were nonexistent at common law, and there is no cause of action today except as provided by the legislature. *Li Petri v. Turner Construction Co.* (1967), 36 Ill. 2d 597, 224 N.E.2d 841; *Hall v. Gillins* (1958), 13 Ill. 2d 26, 147 N.E.2d 352.

Thus, when the legislature created the cause of action, it was creating a class of persons who would be entitled to the provisions under the Wrongful Death Act. The general rule regarding such statutes is as follows:

> "It is well established that '[t]he Equal Protection Clause does not mean that a State may not draw lines that treat one class of individuals or entities differently from the others. The test is whether the difference in treatment is an invidious discrimination.' [Citation.] The legislative classification is presumed to be valid and will not be set aside if any state of facts may reasonably be conceived to justify it. [Citations.]" *(Buzz Barton & Associates, Inc. v. Giannone* (1985), 108 Ill. 2d 373, 381, 483 N.E.2d 1271, 1275.)

See also *People v. La Pointe* (1981), 88 Ill. 2d 482, 431 N.E.2d 344 (the equal protection clause requires equality between groups similarly situated); *Yellow Cab Co. v. Jones* (1985), 108 Ill. 2d 330, 483 N.E.2d 1278 (General Assembly may constitutionally classify persons and objects for the purpose of legislative regulation or control and may pass laws applicable only to such persons or objects).

■ The legislature created the class of persons protected by the Wrongful Death Act when no such cause of action previously existed. As part of the cause of action, the legislature determined that the action must be commenced within two years. All persons claiming a right to this cause of action are similarly subject to the two-year requirement. We believe this legislative classification is proper and reasonable. Wrongful death claimants are subject to all of the provisions of the Wrongful Death Act to which personal injury victims are not. They are a distinct class and are rationally treated as such.

We hold that appellee's counterclaim should have been dismissed by the trial court as untimely filed. Therefore, the decision of the trial court is reversed.

Reversed.

HEIPLE and WOMBACHER, JJ., concur.