JILL LIGHT, Indiv. and as Special Adm'r of the Estate of her Unborn Fetus, Plaintiff-Appellant, v. PROCTOR COMMUNITY HOSPITAL *et al.*, Defendants-Appellees.

Third District   No. 3—88—0411

Opinion filed May 4, 1989.

Goldfine & Bowles, P.C., of Peoria (LeRoy A. Compton, of counsel), for appellant.

Karen L. Kendall, of Heyl, Royster, Voelker & Allen, of Peoria (Rex K. Linder, of counsel), for appellee Proctor Community Hospital.

Murvel Pretorius, Jr., of Quinn, Johnston, Henderson & Pretorius, Chartered, of Peoria (Donna W. Cruz, of counsel), for appellee Tri-County Radiologists, Ltd.

Livingston, Barger, Brandt & Schroeder, of Bloomington (Susan Brandt, of counsel), for appellee Thomas McGuffin.

PRESIDING JUSTICE WOMBACHER delivered the opinion of the court:

On August 2, 1984, the plaintiff, Jill Light, underwent a thyroid scan while a patient at the defendant Proctor Community Hospital. In the course of or subsequent to the procedure, the plaintiff learned that she was pregnant. Pursuant to the recommendation of the radiol-

ogist, she terminated her pregnancy.

The plaintiff filed suit against the defendant hospital and radiologist alleging negligence in their failure to determine if she was pregnant prior to the thyroid scan procedure and failure to warn her that she should not undergo the scan if she were pregnant. The plaintiff subsequently filed an amended complaint, followed by a motion for leave to file another amended complaint which sought to state a cause of action on behalf of her unborn fetus for its wrongful death. The action was premised upon the Wrongful Death Act (Ill. Rev. Stat. 1987, ch. 70, par. 1 *et seq.*). The trial court granted the defendants' motions to dismiss the counts brought pursuant to the Wrongful Death Act.

The trial court denied the plaintiff's motion to reconsider the dismissals and subsequently made its order appealable pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)).

The pertinent language of section 2.2 of the Wrongful Death Act reads as follows:

> "There shall be no cause of action against a physician or a medical institution for the wrongful death of a fetus caused by an abortion where the abortion was permitted by law and the requisite consent was lawfully given. Provided, however, that a cause of action is not prohibited where the fetus is live-born but subsequently dies." Ill. Rev. Stat. 1987, ch. 70, par. 2.2.

The plaintiff asserts upon appeal that the negligent conduct of the defendants proximately caused the death of her unborn fetus. She reasons that her decision to undergo an abortion was a foreseeable result of the initial negligent conduct. The plaintiff contends that the above-cited provision of the Wrongful Death Act was intended only to provide immunity to physicians and medical institutions who perform an abortion, as permitted by law; its intent was not to protect doctors or hospitals from negligent acts that lead to a wrongful death.

■■■ This court cannot ascribe to the Act the interpretation which the plaintiff urges. It has been firmly established that the Wrongful Death Act is to be strictly construed as being in derogation of the common law, and being thus a creature of statute, courts are not at liberty to engraft conditions not within the purview of the Act. (*Baird v. Chicago, Burlington & Quincy R.R. Co.* (1973), 11 Ill. App. 3d 264, 296 N.E.2d 365, *appeal after remand* (1975), 32 Ill. App. 3d 1, 334 N.E.2d 920, *aff'd* (1976), 63 Ill. 2d 463, 349 N.E.2d 413.) We emphasize that the legislative intent should be sought primarily from the language used in the statute. Where the language of the Act is certain and unambiguous, the only legitimate function of the court is

to enforce the law as it is enacted by the legislature. It is not proper for a court to depart from plain language. (*Certain Taxpayers v. Sheahen* (1970), 45 Ill. 2d 75, 256 N.E.2d 758.) It is not a legitimate function of the court to annex new provisions or substitute different ones, or read into a statute exceptions, limitations, or conditions which depart from its plain meaning. *Belfield v. Coop* (1956), 8 Ill. 2d 293, 134 N.E.2d 249.

■ The plaintiff's amended complaint states a cause of action for negligence against the defendants based upon an alleged breach of their duty to exercise reasonable and ordinary medical care. The same alleged tortious acts cannot support a cause of action on behalf of the plaintiff's fetus under the Wrongful Death Act; the fetus was not aborted during the scanning procedure. While the plaintiff may have received substandard medical care at the time that the thyroid scan was administered, the existence of her fetus was terminated as the result of her subsequent voluntarily consensual legal abortion. The consequence of the scanning procedure may have been a potential increase in risk to the well-being of the fetus. The result of the abortion procedure was the actual termination of the plaintiff's pregnancy. Under the subject provision of the Wrongful Death Act, the unborn fetus may not maintain a separate cause of action against the same defendants and base it upon the same tortious acts which furnish the basis for the plaintiff's medical malpractice cause.

In summary, we believe the subject provision of the Wrongful Death Act to be certain and unambiguous and this court would be unwarranted in broadening the statute's reach to embrace the set of facts at bar.

For all of the foregoing reasons the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

STOUDER and SCOTT, JJ., concur.