565 N.E.2d 15 (1990)
206 Ill. App.3d 676
151 Ill.Dec. 744
David RALLO, as special administrator of the estate of Denise Colangelo, deceased, Plaintiff-Appellant,
v.
The CROSSROADS CLINIC, INC., a corporation, C. Sims, M.D., S.C., a professional corporation, and C. Sims, individually, Daniel Nwankwo, M.D., S.C., a professional corporation and Daniel Nwankwo, individually, P. Salter, R.N., and P. Salter, individually, Jean and Eve Alexandre, M.D., S.C., a professional corporation, and Jean Alexandre, individually, Defendants-Appellees.
No. 1-88-2507.
Appellate Court of Illinois, First District, First Division.
September 28, 1990.
Rehearing Denied January 4, 1991.
*16 Patrick J. Kenneally, Ltd., Chicago (Peter R. Coladarci, of counsel), for plaintiff-appellant.
Baker & McKenzie, Chicago (Francis D. Morrissey, Gerald L. Maatman, Jr., and Corinne Seither, of counsel), for defendants-appellees Jean and Eve Alexandre, M.D., S.C., and Jean Alexandre, M.D., individually.
French, Rogers, Kezelis & Kominiarek, P.C., Chicago (Algimantas Kezelis, Russell P. Veldenz and Mary M. Cunningham, of counsel), Pretzel & Stouffer, Chartered (Robert Marc Chemers, of counsel), for defendants-appellees The Crossroads Clinic.
Justice MANNING delivered the opinion of the court:
This appeal arises from an order of the trial court, granting the defendants' motion to dismiss the decedent's mother and siblings as beneficiaries in a wrongful death action. The following issues are raised on appeal: (1) Whether the trial court properly dismissed the decedent's mother and siblings as beneficiaries in a wrongful death action when the decedent was survived by two minor children; (2) whether dismissal of the mother's and siblings' claims violated the equal protection clause of the fourteenth amendment; and (3) whether the claims of the mother and siblings are barred by the statute of limitations. We affirm the order of the trial court.
On September 12, 1984, Denise Colangelo filed a lawsuit against The Crossroads Clinic, Inc., Daniel Nwankwo, M.D., C. Sims, M.D., and Jean Alexandre, M.D., alleging that they negligently failed to diagnose her as suffering from cervical cancer even though she was receiving medical treatment between 1982 and 1983. Ms. Colangelo (hereafter "decedent") died on October 6, 1984, and her death was spread of record on April 2, 1985. David Rallo was appointed by the circuit court to serve as the special administrator of her estate. At the time of her death the decedent was survived by two minor children, her mother, three brothers and four sisters.
On March 31, 1987, a second-amended complaint was filed, wherein the decedent's children, mother and siblings were added as beneficiaries in her wrongful death action, contending that they "suffered pecuniary losses compensable under the Wrongful Death Act." (Ill.Rev.Stat.1983, ch. 70, pars. 1, 2.) The Crossroads Clinic and Dr. C. Sims filed a motion to dismiss the mother and siblings as beneficiaries, alleging that since the decedent was survived by two minor children, the mother and siblings were improper beneficiaries under the Illinois Wrongful Death Act. During a hearing held on July 6, 1988, Drs. Nwankwo and Alexandre joined in the motion. On July 7, 1988, the trial court granted the defendants' motion to dismiss pursuant to section 2-615 of the Illinois Code of Civil Procedure. Ill.Rev.Stat.1987, ch. 110, par. 2-615.
Plaintiffs initially argue that a mother and siblings of a decedent who is also survived by children are beneficiaries under the Wrongful Death Act. (Ill.Rev.Stat. 1983, ch. 70, par. 2.) The Wrongful Death Act provides in pertinent part that:
"Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person * * *." Ill.Rev. Stat.1983, ch. 70, par. 2.
As noted by the Wrongful Death Act, recovery of damages is limited to those beneficiaries described in the statute, i.e., decedent's surviving spouse and next of kin. (Maga v. Motorola, Inc., (1987), 163 Ill.App.3d 524, 527, 114 Ill.Dec. 619, 516 N.E.2d 774; Rodgers v. Consolidated R.R. (1985), 136 Ill.App.3d 191, 194, 90 Ill. Dec. 797, 482 N.E.2d 1080; Porter v. Klein Constr. (1987), 162 Ill.App.3d 1, 3, 113 Ill. Dec. 836, 515 N.E.2d 821; Dotson v. Sears, Roebuck & Co. (1987), 157 Ill.App.3d 1036, 1046, 110 Ill.Dec. 177, 510 N.E.2d 1208.) Therefore, the resolution of this issue turns on the interpretation of "next of kin." It is well established that the phrase "next of kin" is defined as persons surviving nearest in degree of blood and its practical use *17 is those persons surviving who take the personal estate of the deceased under our statutory system of intestate distribution. Wilcox v. Bierd (1928), 330 Ill. 571, 581, 162 N.E. 170, overruled on other grounds, McDaniel v. Bullard (1966), 34 Ill.2d 487, 494, 216 N.E.2d 140; Schmall v. Village of Addison (1988), 171 Ill.App.3d 344, 351, 121 Ill.Dec. 452, 525 N.E.2d 258; Rodgers, 136 Ill.App.3d at 194, 90 Ill.Dec. 797, 482 N.E.2d 1080; Dotson, 157 Ill.App.3d at 1047, 113 Ill.Dec. 836, 515 N.E.2d 821; Forthenberry v. Franciscan Sisters Health Care Corp. (1987), 156 Ill.App.3d 634, 637, 108 Ill.Dec. 740, 509 N.E.2d 166; Maga, 163 Ill.App.3d at 527, 114 Ill.Dec. 619, 516 N.E.2d 774.
Section 2 of the Wrongful Death Act refers to persons who take the personal property of the deceased in case of an intestacy. (Wilcox, 330 Ill. 571, 162 N.E. 170; Carter v. Chicago & Illinois Midland Ry. Co. (1988), 168 Ill.App.3d 652, 660, 119 Ill.Dec. 194, 522 N.E.2d 856.) Therefore, in order to determine which members of the decedent's family are allowed to recover under the Wrongful Death Act, we must refer to the Probate Act. (Wilcox, 330 Ill. at 582, 162 N.E. 170; Maga, 163 Ill.App.3d at 527, 114 Ill.Dec. 619, 516 N.E.2d 774; Dotson, 157 Ill.App.3d at 1047, 113 Ill.Dec. 836, 515 N.E.2d 821.) Pursuant to the Probate Act, parents and siblings are entitled to the property of the decedent only if the decedent does not leave a surviving spouse or children. Ill.Rev.Stat.1983, ch. 110½, pars. 2-1(a) through (d); Maga, 163 Ill. App.3d at 530, 114 Ill.Dec. 619, 516 N.E.2d 774.
In the case at bar we are called upon to determine who may sue and under what conditions suit may be brought. A cause of action for wrongful death did not exist at common law. Therefore, the Wrongful Death Act is a statutory source for determining who may sue and under what conditions. (In re Estate of Edwards (1982), 106 Ill.App.3d 635, 638, 62 Ill.Dec. 407, 435 N.E.2d 1379.) Under the rule of statutory construction statutes are in derogation of the common law and must be strictly construed. (Summers v. Summers (1968), 40 Ill.2d 338, 239 N.E.2d 795; Forthenberry, 156 Ill.App.3d at 636, 108 Ill.Dec. 740, 509 N.E.2d 166; Edwards, 106 Ill.App.3d at 638, 62 Ill.Dec. 407, 435 N.E.2d 1379.) The intent of the legislature in construing a particular statute must be determined by reviewing the plain language of the statute. (Light v. Proctor Community Hosp. (1989), 182 Ill.App.3d 563, 565-66, 131 Ill. Dec. 453, 538 N.E.2d 828.) The only legitimate function of the court is to enforce the law where the language of an act is unambiguous, not read into the statute exceptions and conditions which depart from the statute's plain meaning. Light, 182 Ill. App.3d at 565, 131 Ill.Dec. 453, 538 N.E.2d 828; Belfield v. Coop (1956), 8 Ill.2d 293, 134 N.E.2d 249.
Plaintiffs contend that the definition of "next of kin" set forth in Wilcox is outdated and must fall since the courts now allow recovery for loss of society as a compensable "pecuniary injury." In Elliott v. Willis (1982), 92 Ill.2d 530, 65 Ill.Dec. 852, 442 N.E.2d 163, a surviving spouse was permitted to recover for the loss of the decedent's society. In Bullard v. Barnes (1984), 102 Ill.2d 505, 517, 82 Ill.Dec. 448, 468 N.E.2d 1228, a 17-year-old minor was fatally injured in a motor vehicle accident. The court held that "parents are entitled to a presumption of pecuniary injury in the loss of a minor child's society." The supreme court expanded its holding in Ballweg v. City of Springfield (1986), 114 Ill.2d 107, 120, 102 Ill.Dec. 360, 499 N.E.2d 1373, reasoning that there is also a presumption of loss of society for an adult child. However, these cases are not dispositive of the issue before us. In both Bullard and Ballweg, the court was called upon to address the scope of the award of damages and there were no children surviving or spouse.
When Wilcox was decided, the Wrongful Death Act allowed an adult married child who was not dependent upon the deceased to share equally with totally dependent minor children. Consequently, in 1955 the statute was amended by the legislature so that the property would be distributed based on the actual dependency of the spouse and next of kin. (Rodgers, 136 Ill.App.3d at 195, 90 Ill.Dec. 797, 482 *18 N.E.2d 1080; In re Estate of Griffy (1978), 64 Ill.App.3d 504, 21 Ill.Dec. 428, 381 N.E.2d 755.) It is especially noteworthy that although the legislature changed the method of distribution of the decedent's property, it did not expand the class of beneficiaries. (Porter, 162 Ill.App.3d at 4, 113 Ill.Dec. 836, 515 N.E.2d 821; Rodgers, 136 Ill.App.3d at 195, 90 Ill.Dec. 797, 482 N.E.2d 1080.) The term "next of kin" was unaltered in the 1955 legislative amendment. "Where a statute which has been judicially construed has been re-enacted in substantially the same terms, the General Assembly is presumed to have been familiar with such judicial construction and to have adopted it as part of the law." (Osborn v. Village of River Forest (1961), 21 Ill.2d 246, 250, 171 N.E.2d 579.) This rule of law has been restated by other courts, holding that unchanged portions of a reenacted statute will receive the same judicial construction as the prior act because it is presumed that the legislature intended to adopt the prior statutory construction based on its reenactment. (Hupp v. Gray (1978), 73 Ill.2d 78, 22 Ill.Dec. 513, 382 N.E.2d 1211; Porter, 162 Ill.App.3d at 4, 113 Ill.Dec. 836, 515 N.E.2d 821.) Therefore, when the 1955 amendment became effective, the legislature was presumably aware of the Wilcox court's interpretation of the phrase "next of kin" and it was free to change the court's interpretation. (Maga, 163 Ill.App.3d at 529, 114 Ill.Dec. 619, 516 N.E.2d 774; see also Osborn, 21 Ill.2d at 250, 171 N.E.2d 579; Rodgers, 136 Ill.App.3d at 195, 90 Ill.Dec. 797, 482 N.E.2d 1080.) However, the legislature decided to let the supreme court's construction of that phrase stand. Maga, 163 Ill. App.3d at 529, 114 Ill.Dec. 619, 516 N.E.2d 774.
The precise issue before us has not been addressed by our supreme court, and the appellate court has reached different conclusions. In viewing the developing case law as it relates to wrongful death actions, it is clear that parents, siblings and children do not stand in the same degree of kindred. Parents and siblings are of the second degree of kindred; whereas, children are of the first degree of kindred. (Wilcox, 330 Ill.2d at 582, 162 N.E. 170.) The plaintiffs rely upon Schmall, Singh v. Air Illinois, Inc. (1988), 165 Ill.App.3d 923, 117 Ill.Dec. 501, 520 N.E.2d 852, and Sheahan v. Northeast Illinois Regional Commuter R.R. Corp. (1986), 146 Ill. App.3d 116, 100 Ill.Dec. 114, 496 N.E.2d 1179, to support their argument that they are proper beneficiaries. In Schmall, the decedent's parents and siblings were considered as "next of kin" by the Second District of the Appellate Court since the decedent was not survived by a spouse or children. In Singh, the first division of the Appellate Court, Second District, permitted an adult sibling to recover for her brother's loss of society where the decedent was not survived by a spouse or children. In Sheahan, the third division of the Appellate Court, First District, held that siblings may recover for proven loss of society. The facts of that case do not reveal the existence of a surviving spouse or children. The Sheahan court reconciled Prendergast v. Cox (1984), 128 Ill.App.3d 84, 83 Ill.Dec. 279, 470 N.E.2d 34, holding that its decision was in accord with Prendergast since the Prendergast court's decision "could well have been deemed appropriate in view of the evidence adduced as indicated by the record on appeal." Sheahan, 146 Ill. App.3d at 119, 100 Ill.Dec. 114, 496 N.E.2d 1179.
In Prendergast, where the decedent was survived by a mother and siblings, the first division of the Appellate Court for the First District allowed recovery to the mother for loss of society but refused to permit the siblings to recover for loss of society. In Prendergast there was not a surviving spouse or children. The United States Court of Appeal for the Seventh Circuit followed the Prendergast decision in the case of In re Crash Disaster Near Chicago Illinois, on May 15, 1979 (7th Cir.1985), 771 F.2d 338. In Carter v. Chicago & Illinois Midland Ry. Co. (1988), 168 Ill. App.3d 652, 660, 119 Ill.Dec. 194, 522 N.E.2d 856, the decedent was a minor survived by her father and siblings, the Fourth District of the Appellate Court held that siblings may not recover for loss of *19 society. In Forthenberry, the Appellate Court, Fourth District, held that the parents of an unmarried minor-decedent who was survived by a newborn infant could not recover in a wrongful death action since the newborn infant was the only proper party under the Wrongful Death Act. In Rodgers, the Appellate Court, Fourth District, determined that the parents of the decedent were not beneficiaries under the Wrongful Death Act where the decedent was survived by a spouse and children. In Porter, the fifth division of the Appellate Court, First District, held that the mother of the decedent was not a proper beneficiary under the Wrongful Death Act where the decedent was survived by a spouse and child. In Maga, the second division of the Appellate Court, First District, held that parents and siblings were not allowed to recover because the decedent was survived by a wife.
In all of the aforementioned cases, neither the parents or siblings were allowed to recover in a wrongful death action where the decedent was survived by a spouse or children. Property of the decedent will only descend to parents and siblings in the absence of a child or spouse. (Wilcox, 330 Ill. at 582, 162 N.E. 170.) We, therefore, conclude that under Illinois law neither parents nor siblings are "next of kin" when a decedent leaves surviving children. (Wilcox, 330 Ill. at 582, 162 N.E. 170; Forthenberry, 156 Ill.App.3d at 637, 108 Ill.Dec. 740, 509 N.E.2d 166; Rodgers, 136 Ill. App.3d 191, 90 Ill.Dec. 797, 482 N.E.2d 1080; Porter, 162 Ill.App.3d at 3, 113 Ill. Dec. 836, 515 N.E.2d 821.) Our decision does not bar a decedent's parents or sibling from recovering damages due to the loss of companionship or society. However, recovery is barred where there are surviving children.
Plaintiff next argues that the exclusion of the decedent's mother and siblings from recovering for loss of society would deprive them of the equal protection of the law in violation of the equal protection clause of the fourteenth amendment. (U.S. Const., amend. XIV.) Defendants contend that excluding certain survivors from the class of proper beneficiaries does not violate the equal protection clause.
In determining whether a legislative classification denies individuals the equal protection of the law, the courts will determine the proper level of scrutiny to be applied to a challenged classification. (People v. Esposito (1988), 121 Ill.2d 491, 118 Ill.Dec. 396, 521 N.E.2d 873.) When the classification affects a fundamental right or discriminates against a suspect class, i.e. sex, race, or national origin, the legislation will be subjected to strict scrutiny and it will only be upheld if it serves a compelling State interest. (Frontiero v. Richardson (1973), 411 U.S. 677, 685, 93 S.Ct. 1764, 1769, 36 L.Ed.2d 583, 591; People v. Tosch (1986), 114 Ill.2d 474, 103 Ill.Dec. 715, 501 N.E.2d 1253; Harris v. Manor Healthcare Corp. (1986), 111 Ill.2d 350, 95 Ill.Dec. 510, 489 N.E.2d 1374.) Fundamental rights are only such rights involving the expression of ideas, participation in the political process, travel among the states, and privacy. (People ex rel. Tucker v. Kotsos (1977), 68 Ill.2d 88, 97, 11 Ill.Dec. 295, 368 N.E.2d 903.) The classification of beneficiaries in the present case does not affect a fundamental right nor does it discriminate against a suspect class of individuals; therefore, we will apply the rational basis test. In applying this test, we must determine whether there exists a rational basis to a legitimate governmental purpose to justify the classification. (Triple A Services, Inc. v. Rice (1989), 131 Ill.2d 217, 226, 137 Ill.Dec. 53, 545 N.E.2d 706; People v. M.A. (1988), 124 Ill.2d 135, 142, 124 Ill.Dec. 511, 529 N.E.2d 492; People ex rel. Skinner v. Hellmuth (1986), 114 Ill.2d 252, 259, 102 Ill.Dec. 412, 500 N.E.2d 34.) A classification created by statute will not be set aside as violating the equal protection clause unless it is completely unrelated to a legitimate State goal. Esposito, 121 Ill.2d 491, 118 Ill.Dec. 396, 521 N.E.2d 873; Harris, 111 Ill.2d at 368, 95 Ill.Dec. 510, 489 N.E.2d 1374.
In determining whether the court's interpretation of "next of kin" violates the Equal Protection Clause, it must be noted that the General Assembly is presumed to have acted conscientiously and that the classification is presumed to be valid. (People v. M.A., 124 Ill.2d at 141, 124 Ill. Dec. 511, 529 N.E.2d 492; Hellmuth, 114 *20 Ill.2d at 262, 102 Ill.Dec. 412, 500 N.E.2d 34.) Moreover, a statute enacted by the legislature carries a strong presumption of constitutionality. (Esposito, 121 Ill.2d at 497, 118 Ill.Dec. 396, 521 N.E.2d 873; Bernier v. Burris (1986), 113 Ill.2d 219, 227, 100 Ill.Dec. 585, 497 N.E.2d 763.) It is the responsibility of the party challenging the validity of the statute to show its invalidity, and all reasonable doubts will be resolved in favor of upholding the statutes validity. People v. M.A. (1988), 124 Ill.2d 135, 141-42, 124 Ill.Dec. 511, 529 N.E.2d 492; Hellmuth, 114 Ill.2d at 262, 102 Ill.Dec. 412, 500 N.E.2d 34; Harris, 111 Ill.2d at 363, 95 Ill.Dec. 510, 489 N.E.2d 1374.
The equal protection clause is not violated where the General Assembly enacts legislative classifications which have some reasonable basis, but result in some inequality. (People v. M.A., 124 Ill.2d at 143, 124 Ill.Dec. 511, 529 N.E.2d 492; Esposito, 121 Ill.2d at 500, 118 Ill.Dec. 396, 521 N.E.2d 873.) Furthermore, where a fundamental right is not involved, the legislature may differentiate between individuals similarly situated if there exists a rational basis for such action. Esposito, 121 Ill.2d at 500, 118 Ill.Dec. 396, 521 N.E.2d 873; Tosch, 114 Ill.2d at 481, 103 Ill.Dec. 715, 501 N.E.2d 1253.
In the present case, the legislature created the class of persons protected by the Wrongful Death Statute. That legislative classification is presumed to be valid and it will not be set aside if there are facts that may be reasonably conceived to justify the classification. (Buzz Barton & Assocs. v. Giannone (1985), 108 Ill.2d 373, 381, 91 Ill.Dec. 636, 483 N.E.2d 1271, 1275; Bruce v. Halterman-Flynn (1987), 162 Ill.App.3d 248, 252, 113 Ill.Dec. 601, 515 N.E.2d 410.) All parents and siblings who assert a claim to recover damages in a wrongful death action are similarly subject to the limitation that recovery is not permitted if there is a surviving spouse or children. We cannot say that the legislature being aware of Wilcox's interpretation of "next of kin" did not act rationally when it did not alter the phrase "next of kin" in the 1955 legislative amendment to the Wrongful Death Act. Accordingly, we hold that the trial court correctly applied the Probate Act in determining the proper beneficiaries under the Wrongful Death Act and its ruling did not violate the equal protection clause.
One of the defendants argued that the mother and siblings' claims are barred by the statute of limitations since claims brought pursuant to the Wrongful Death Act must be brought within two years from the date of death. (Ill.Rev.Stat.1985, ch. 70, par. 2.) Our supreme court has frequently held that an issue not raised in the trial court is considered waived and it cannot be raised for the first time on appeal. (In re Marriage of Rodriguez (1989), 131 Ill.2d 273, 279, 137 Ill.Dec. 78, 545 N.E.2d 731; Western Casualty & Surety Co. v. Brochu (1985), 105 Ill.2d 486, 500, 86 Ill. Dec. 493, 475 N.E.2d 872; Kravis v. Smith (1975), 60 Ill.2d 141, 147, 324 N.E.2d 417.) The record reveals that in the present case, this issue was not raised before the trial court, therefore, it is not properly before this court.
For the foregoing reasons, we affirm the order of the trial court dismissing appellants' complaint.
AFFIRMED.
CAMPBELL and O'CONNOR, JJ., concur.