No. 3--97--0124

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1997

_________________________________________________________________

VERLINE STEPHENS, Administrator ) Appeal from the Circuit Court

of the Estate of ALBERT LEE   ) of the 14th Judicial Circuit,

STEPHENS, deceased; VERLINE ) Rock Island County, Illinois

STEPHENS, individually; and )

ALBERT LEE STEPHENS, SR., )

individually, )

)

Plaintiffs-Appellants, )

)

v. ) No. 96--L--4

)

TRINITY MEDICAL CENTER, an )

Illinois not-for-profit      )

corporation; HAMMOND-HENRY   )

HOSPITAL AUXILIARY, INC., an )

Illinois not-for-profit )

corporation; PAUL M. RUDY, )

M.D.; TERRILL M. BANER, M.D.; )

VELUSAMI ARUMUGAM, M.D.; MANUEL )

GUERERO, M.D.; FELIPE ENREQUEZ, )

M.D.; JACK BUZEK, M.D.; SARA )

REED, R.N., individually and as )

employee and/or agent and/or )

servant of TRINITY MEDICAL )

CENTER, an Illinois not-for- )

profit corporation, ) Honorable

) Martin E. Conway,

Defendants-Appellees. ) Judge Presiding

_________________________________________________________________

JUSTICE McCUSKEY delivered the opinion of the court:

_________________________________________________________________

The plaintiffs, Verline Stephens (individually and as administrator of the estate of Albert Lee Stephens, Jr.) and Albert Lee Stephens, Sr., appeal from the trial court's dismissal of their common-law claim against the defendant hospitals, doctors and nurse for loss of filial society resulting from the death of their adult son, Albert Lee Stephens, Jr.  The trial court held that to allow the plaintiffs to proceed would be tantamount to creating a remedy not previously existing in Illinois Law.  Consequently, the trial court refused to create such a remedy.  Following our careful review of the record on appeal, we affirm.

FACTS

The plaintiffs allege that their son, Albert Lee Stephens, Jr., died as a result of the defendants' failure to timely treat the decedent's epiglottis and to timely diagnose and treat his dislodged tracheal tube.  The complaint alleges claims for wrongful death and survival on behalf of the decedent's wife and four children.  Additionally,  claims are alleged on behalf of his parents based upon (1) a common-law theory of loss of filial society and (2) section 15 of the Rights of Married Persons Act (750 ILCS 65/15 (West 1996)).  

All of the defendants filed motions to dismiss the claims brought on behalf of the parents.  The plaintiffs agreed to dismiss the claim brought under the Rights of Married Persons Act, but challenged the dismissal of their common-law claim.  Following a hearing, the trial court dismissed the plaintiffs' common-law claim, finding that Illinois law does not recognize a common-law cause of action for individuals not defined as the next-of-kin under the Illinois Wrongful Death Act (the Act) (740 ILCS 180/1 
et
 
seq
.
 (1996)).

ANALYSIS

The Act provides:

"Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse 
and next of kin
 of such deceased person * * *." (Emphasis added.) 740 ILCS 180/2 (West 1996).

The law of this state is well settled that parents are not found to be the next-of-kin under the Act when the decedent is survived by a spouse and children.  
Rallo v. Crossroads Clinic, Inc.
, 206 Ill. App. 3d 676, 683, 565 N.E.2d 15, 19 (1990).  Thus, a parent's recovery for damages for loss of society with a child is barred by the Act when the decedent is survived by a wife and children.  
Rallo
, 206 Ill. App. 3d at 683, 565 N.E.2d at 19.  

The plaintiffs, however, claim that, notwithstanding 
Rallo
, they can avoid dismissal of their cause of action by bringing a common-law claim. They assert that Illinois law recognizes a common-law claim by parents for the loss of society with an adult child who leaves a surviving spouse and children.  We disagree.

The plaintiffs rely in part upon 
Ballweg v. City of Springfield
, 114 Ill. 2d 107, 120, 499 N.E.2d 1373, 1375 (1986).  They cite 
Ballweg
 for the proposition "that the parents of a deceased child have a common-law loss of society claim even when the decedent leaves a surviving wife and child."  In 
Ballweg
, the supreme court held that parents were entitled to a presumption of pecuniary injury for the loss of an adult child's society.  
Ballweg
, 114 Ill. 2d at 120, 499 N.E.2d at 1379.  Contrary to the plaintiffs' assertion, however, the 
Ballweg
 case does not establish any type of 
common-law
 right for parents alleging a loss of society claim.  
Ballweg
 reviewed a claim brought under the Act, not the common-law.  The holding does not mention or even discuss a common-law claim for loss of filial society.  Moreover, in 
Ballweg
, the decedent was 
not
 survived by a wife and children.  Consequently, the parents in 
Ballweg
 were properly found to be the next-of-kin under the Act.

The plaintiffs' reliance on 
Dini v. Naiditch
, 20 Ill. 2d 406, 170 N.E.2d 881 (1960), is equally misplaced.  The plaintiffs argue that "
Dini
 recognized a common-law remedy for wrongful death in holding that a wife could bring a loss of consortium claim for the death of her husband."  We note that 
Dini
 was a combined appeal which addressed issues relating to the death of one fireman and the injury to another.  
Dini
 held that a 
wife
 could bring a common-law loss of consortium claim resulting from the 
injury
 to her husband.  
Dini
, 20 Ill. 2d at 430, 170 N.E.2d at 893.  
Dini
 does not discuss or review a common-law claim for loss of consortium resulting from the
 death of a husband.  As a result, we find 
Dini
 distinguishable because:  (1) the relevant portion of the holding addressed injury, not death; and (2) the claim alleged 
was for loss of 
spousal
 consortium, not loss of filial society.

The plaintiffs argue that 
Kubian v. Alexian Brothers Medical Center
, 272 Ill. App. 3d 246, 651 N.E.2d 231 (1995), supports their cause of action.  We disagree.  
Kubian
 addresses issues regarding loss of 
spousal
 consortium.  In 
Kubian
, 
the decedent's wife challenged the dismissal of her wrongful death claim and her common-law loss of consortium claim.  The surviving spouse in 
Kubian
 was the decedent's second wife.  The decedent's daughter from a previous marriage became administrator of the estate.  Although the surviving spouse was the next-of-kin under the Act, the stepdaughter refused to file a wrongful death claim on behalf of the estate.  Because of the stepdaughter's action, the stepmother could not recover under the Act.  The stepmother proceeded in spite of the position of administrator of the estate and filed both a wrongful death claim and a common-law loss of spousal consortium claim.  The court in 
Kubian
 affirmed the trial court's dismissal of the surviving spouse's wrongful death claim because the stepdaughter "possessed the sole authority to control any litigation on behalf of the estate" as provided in the Act.  
Kubian
, 272 Ill. App. 3d at 252, 651 N.E.2d at 236.  However, the court in 
Kubian
 determined that the common-law loss of consortium claim could proceed in the trial court.  Furthermore, the court concluded that the common-law of Illinois recognized a claim for spousal consortium, and the Act did not pre-empt such a claim.  
Kubian
, 272 Ill. App. 3d at 255, 651 N.E.2d at 238.

We find 
Kubian
 to be distinguishable from the case at hand.  Initially, we note that the plaintiff in 
Kubian
 was already the next-of-kin under the Act.  In 
Kubian
, if the administrator of the estate had filed suit on behalf of the estate, then the surviving spouse would have clearly recovered a benefit under the Act.  In the instant case, however, the plaintiffs are not the next-of-kin because the decedent was survived by his wife and children.  According to the plain language of the Act, the plaintiffs cannot recover a benefit because they are not the decedent's next-of-kin.   We will now review 
Kubian
 in light of the plaintiffs' common-law claim.  In 
Kubian
, the court found a common-law claim for loss of 
spousal
 consortium.  In the instant case, the plaintiffs' claim is for loss of 
filial
 society.  Our supreme court noted in 
Dralle v. Ruder
, 124 Ill. 2d 61, 72, 529 N.E.2d 209, 214 (1988), that the companionship between spouses "
is not identical
" to that between parent and child
.  Given the differences between these two types of common-law claims, we find no inconsistency "in denying recovery for loss of filial--or parental--society and companionship and in allowing recovery for loss of spousal consortium."  
Dralle
, 124 Ill. 2d at 72, 529 N.E.2d at 214.

The plaintiffs admit that no court of review in this state has ever allowed a common-law claim for loss of filial society when the parents' adult child was survived by either his wife or children.  The defendants respond to the plaintiffs' common-law claim by noting that recognition of such a claim would risk expanding the scope of tort liability far beyond its present state.  See 
Dralle
, 124 Ill. 2d at 70, 529 N.E.2d at 213.  "Every injury has ramifying consequences, like the ripplings of the waters, without end.  The problem for the law is to limit the legal consequences of wrongs to a controllable degree."  
Dralle
, 124 Ill. 2d at 69, 529 N.E.2d at 213.  

From our review of well-settled law in Illinois, we are not inclined to allow causes of action outside of and in addition to claims under the Wrongful Death Act. To do so would encourage "[g]randparents, siblings, and friends suffering similar losses of society and companionship" to bring claims.  
Dralle
, 124 Ill. 2d at 70, 529 N.E.2d at 213 (noting that recognizing a common-law claim for loss of filial society for non-fatal injuries to a child would threaten expansion of liability).  Any expansion of the common-law liability should properly rest with the General Assembly.  We determine that it is for the legislature to decide if the Act should be expanded and to create additional remedies not currently recognized in this state.

Finally, the plaintiffs argue that failure to give the parents a remedy in this case would violate the Illinois Constitution.  Our Constitution states that "[e]very person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation."  Ill. Const., art. I, §12.  This provision of our Constitution has been construed as an expression of philosophy and does not mandate the creation of a cause of action or remedy in each case where one does not exist.  
Bart v. Board of Education
, 256 Ill. App. 3d 880, 632 N.E.2d 39 (1993).  

CONCLUSION

In sum, given that Illinois has never recognized a cause of action for loss of filial society by parents whose adult child was survived by a wife and children, we refuse to create such a right.  Moreover, we find that our decision does not violate the Constitution of the State of Illinois.

For the reasons stated, we find that the trial court properly dismissed the plaintiffs' common-law claims.  Accordingly, the circuit court of Rock Island County is affirmed.

Affirm.  

SLATER and BRESLIN, JJ., concur.