FIRST DIVISION
May 27, 2008

No. 1-06-1825

| | | |
|---|---|---|
| JAMIE MERCADO, Indiv. and as Personal Representative of the Estate of Baby Mercado Peterson, Deceased, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 04 L 3959 |
| MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, a Corporation; PAULA L. CAVENS; AYER ORHAN; and ACCESS COMMUNITY HEALTH NETWORK, a Corporation, | ) ) ) ) | |
| | ) | Honorable |
| Defendants-Appellants. | ) ) | John A. Ward, Judge Presiding. |

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

Defendants Mount Sinai Hospital Medical Center of Chicago, Dr. Paula L. Cavens, Dr. Ayer Orhan and Access Community Health Network bring this interlocutory appeal under Illinois Supreme Court Rule 308 (155 Ill. 2d R. 308). In 2005, plaintiff Jamie Mercado filed a wrongful death action against defendants on behalf of her fetus Baby Mercado Peterson. Plaintiff alleged Dr. Cavens erred in diagnosing her pregnancy as an unviable and potentially dangerous ectopic pregnancy outside her uterus. Plaintiff agreed to terminate the ectopic pregnancy by taking the drug methotrexate. Plaintiff later learned the pregnancy was not ectopic but uterine, where it could have been viable.

Rule 308(a) permits appellate review of an otherwise unappealable order if there is a question of law with substantial grounds for differences of opinion and if immediate resolution of the question would materially advance the litigation. 155 Ill. 2d R. 308(a). The trial court must identify and certify the question of law to be answered. 155 Ill. 2d R. 308(a). Our standard of review is *de novo.* Terrill v. Oakbrook Hilton Suites & Garden Inn, L.L.C., 338 Ill. App. 3d 631, 634, 788 N.E.2d 789 (2003).

The question certified for review is: "Whether a plaintiff's agreement to terminate a pregnancy constitutes 'requisite consent' under [s]ection 2.2 of the Wrongful Death Act (Act), 740 ILCS 180/2.2 [(West 2004)], and bars a wrongful death claim where defendants are alleged to have misdiagnosed her pregnancy as ectopic rather than uterine." We answer in the negative. Plaintiff's agreement to terminate an ectopic pregnancy was *not* requisite consent to terminate a uterine pregnancy. Her wrongful death claim against defendants on behalf of her fetus is not barred under section 2.2 of the Act (740 ILCS 180/2.2 (West 2004)).

The primary rule of statutory construction is to determine and give effect to the intent of the legislature. People v. Maggette, 195 Ill. 2d 336, 348, 747 N.E.2d 339 (2001). An inquiry into legislative intent begins with the language of the statute. Maggette, 195 Ill. 2d at 348. Courts must give statutory language its plain and ordinary meaning. Advincula v. United Blood Services, 176 Ill. 2d 1, 16, 678 N.E.2d 1009 (1996). A statute should be construed so that no term is rendered superfluous or meaningless. Maggette, 195 Ill. 2d at 350. Where the statutory language is clear, it should be given effect without resort to other interpretative aids. Maggette, 195 Ill. 2d at 348.

The statute at issue provides: "There shall be no cause of action against a physician or a medical institution for the wrongful death of a fetus caused by an abortion where the abortion was permitted by law and the *requisite consent* was lawfully given."  (Emphasis added.)  740 ILCS 180/2.2 (West 2004).

The certified question requires us to construe "requisite consent" as used in this statute. The parties have not identified nor have we found another Illinois statute that uses the term "requisite consent."  Nor have we found in state or federal decisions a definition of "requisite consent" as it is used here.  Looking at the wrongful death statute as a whole, we find no other reference to consent.  See 740 ILCS 180/1 *et seq*. (2004).

The terms "requisite" and "consent" have plain and ordinary meanings.  "In determining the plain meaning of a statutory term, it is entirely appropriate to look to the dictionary for a definition."  People v. Perry, 224 Ill. 2d 312, 330, 864 N.E.2d 196, 208 (2007).  "Requisite" is defined as "required by the nature of things or by circumstances or by the end in view." Webster's Third New International Dictionary 1929 (1993).

The definition of consent has been scrutinized by Illinois courts.  In People ex rel. Vestuto v. O'Connor, 351 Ill. App. 539, 543-44, 115 N.E.2d 810 (1953), this court wrote:

"The term consent implies an intellectual act giving assent (People ex rel. Walker v. O'Connor, [351 Ill. App. 545, 548-49, 115 N.E.2d 808 (1953)] ***). Consent implies a knowledge of the facts.  We think that the knowledge needed for consent is that which the ordinary prudent person would require before giving assent to [a serious] matter."

"[T]he term 'consent' *** implies an understanding of the thing consented to." Walker, 351 Ill. App. at 548.

Based on the plain language of the statute, we conclude that plaintiff could not have given the "requisite consent" for the termination of her uterine pregnancy. Plaintiff's consent was not "requisite" because she did not have the information necessary to understand "the nature of things." Plaintiff's agreement to terminate the pregnancy was not "consent" because she did not know her pregnancy was in her uterus. She agreed to the termination of an ectopic pregnancy. She received the termination of a uterine pregnancy. Without the requiste consent required by the statute, her wrongful death action on behalf of her fetus is not barred.

Defendants cite Light v. Proctor Community Hospital, 182 Ill. App. 3d 563, 538 N.E.2d 828 (1989), to argue that "requisite consent" connotes only a voluntary decision. The court there was not called on to construe "requisite consent." The question of whether plaintiff's decision here was voluntary is immaterial given our conclusion that she lacked the information necessary to establish "requisite consent."

We answer the certified question in the negative. Plaintiff's agreement to terminate an ectopic pregnancy was *not* requisite consent to terminate a uterine pregnancy. Under these circumstances, plaintiff's wrongful death claim against defendants on behalf of her fetus is not barred under section 2.2 of the Act (740 ILCS 180/2.2 (West 2004)).

Certified question answered; cause remanded.

WOLFSON and R.E. GORDON, JJ., concur.