Edward M. McGraw, Plaintiff, v. Julian Oellig et al., Defendants.

Peter Phalen, Administrator of Estate of William C. Oellig, Deceased, Appellant, v. Lloyd Oellig, Appellee.

Gen. No. 9,606.

Opinion filed April 12, 1941.

Dixon, Devine, Bracken & Dixon, of Dixon, for appellant; Sherwood Dixon, of counsel.

Burrell & Burrell, of Freeport, for appellee; David M. Burrell, of counsel.

Mr. Justice Dove delivered the opinion of the court.
On October 28, 1938, Edward McGraw filed his complaint to recover damages alleged to have been sustained by him as a result of an automobile collision.

The defendants were Julian Oellig, Lloyd Oellig and Peter Phalen, administrator of the estate of William C. Oellig, deceased. Answers were filed and the defendant, Phalen, as administrator, filed a counterclaim against Lloyd Oellig and Julian Oellig who filed answers thereto. The original complaint was thereafter dismissed by stipulation of the parties, and the issues raised by the counterclaim, and answers thereto were submitted to a jury. During the trial, the counterclaim was dismissed as to the defendant, Julian Oellig, and the counterclaim so amended. The jury returned a verdict finding the defendant Lloyd Oellig guilty and assessing ''damages of $2000.00 to the mother, Dora Oellig.'' This verdict was set aside on motion of Lloyd Oellig, and a new trial awarded. Thereafter, the trial court granted leave to Lloyd Oellig to withdraw his answer to the amended counterclaim, and his answer thereto was withdrawn and on November 25, 1939, the defendant Lloyd Oellig, by leave of court, filed his motion to dismiss the amended counterclaim and the counterclaimant filed his motion to strike this motion to dismiss. Upon a hearing, the motion to strike was denied, and the motion to dismiss the amended counterclaim was sustained. The counterclaimant elected to abide his amended counterclaim and judgment was rendered against the counterclaimant, as administrator, for costs and in bar of the action. To reverse this judgment, the counterclaimant, Peter Phalen, administrator of the estate of William C. Oellig, deceased, appeals.

The amended counterclaim alleged, among other things, that on or about April 16, 1938, the counterclaimant's intestate William S. Oellig was riding as a guest passenger in an automobile owned by Julian Oellig which was being driven by the counter defendant, Lloyd Oellig, who was then and there the servant and agent of Julian Oellig; that through the negligence and carelessness of Lloyd Oellig, the automobile he

was driving ran into the motor vehicle driven by Edward McGraw, and that by reason thereof, William C. Oellig, counterclaimant's intestate, received injuries from which he died on April 17, 1938. It was then alleged that the said intestate left no children him surviving, but did leave his mother, two sisters and three brothers, among them being the defendant in the counterclaim, Lloyd Oellig.

The motion to dismiss this counterclaim was based on the fact that the amended counterclaim charged that Lloyd Oellig, the defendant, was guilty of the negligence which caused the death of his brother, William C. Oellig, counterclaimant's intestate, that the defendant, Lloyd Oellig, was one of the next of kin of said intestate and entitled to a distributive share in any recovery that might be had, and that, therefore, the counterclaim failed to state a cause of action against Lloyd Oellig.

*Hazel v. Hoopeston-Danville Motor Bus Co.*, 310 Ill. 38 was an action by the plaintiff, as administrator of the estate of his deceased wife to recover damages for her alleged wrongful death. It appeared in that case that he was driving the automobile in which his wife was riding at the time it and the bus of the defendant collided, and that he contributed to her injury and it was held that inasmuch as he would participate in the proceeds of any judgment that might be recovered, his contributing negligence was a complete defense to the person negligently causing the injury. *Ohnesorge v. Chicago City Ry. Co.*, 259 Ill. 424 was an action brought by the administrator of the estate of a three-year-old child who was killed by a street car of the defendant. The next of kin for whose benefit the action was brought were the parents of the deceased- and an older brother. The evidence disclosed that the father of plaintiff's intestate was leading the child by the hand when they were struck by the street car. The court held that as the father was one of the persons

who would participate in the proceeds of any judgment that might be rendered, his contributing negligence was a defense to the alleged negligence of the railway company. *Holden v. Schley,* 355 Ill. 545 was an action by the administratrix of the estate of A. T. Holden, deceased, against Jack Schley, Frank Gilhaus and F. A. Pugsley to recover for his wrongful death alleged to have been caused while plaintiff's intestate was riding in an automobile. The declaration alleged that the deceased left him surviving as his next of kin, his widow and son. In holding that the original declaration stated a good cause of action, the court, in its opinion, said that even though the negligence of the next of kin who contributed to the injury would bar the action, yet the plaintiff was under no duty to aver or prove that the next of kin of the deceased were in exercise of due care for the safety of an adult when he is presumed to be responsible for his own safety, and when they might not have even been present or have any opportunity to exercise any care or influence or voice in the transaction. The court stated that the declaration showed on its face that the driver of the car was not one of the next of kin, and while the defendants might have successfully defended by introducing affirmative proof to show that some one of the next of kin was in fact guilty of negligence which contributed to or caused the injury, still it was not necessary for the plaintiff to allege that the next of kin were in the exercise of due care for the safety of the deceased, and were free from contributory negligence in order to state a cause of action.

Counsel for appellant recognize these authorities and concede that the amended counterclaim in the instant case discloses that the next of kin of appellant's intestate are his mother, his sisters and his brothers, and that one of his brothers is appellee, but counsel insist that even though appellee would share in any

judgment that might be recovered herein, that fact would not bar this action because he is of the collateral kindred, not dependent upon the deceased for support, and that it was not the province of either the jury or trial court to apportion the proceeds of any judgment that might be recovered, but that duty would fall to the probate court which is administering the estate of William C. Oellig.

Distribution, however, of a judgment for wrongful death follows the statute of descent, and the probate court would be governed by that statute. *Chicago & A. R. Co. v. Shannon,* 43 Ill. 338; *Baltimore & O. S. W. Ry. Co. v. Then,* 159 Ill. 535; *Miller v. Pinkney,* 164 Ill. App. 576. As deceased left no wife or children, his mother, brothers and. sisters who are the mother, brothers and sisters of appellee, are his next of kin and the beneficiaries of any judgment that would be recovered herein, and the real plaintiffs herein, *Van-Meter v. Goldfarb,* 317 Ill. 620. In the *Hazel* case, *supra,* it was said that the reason why the negligence of any beneficiary is a bar to the action of the administrator is because it has been the theory of the common law that the contributory negligence of the person suffering the injury is a complete defense to the person negligently causing the injury, and that in every such case, the party who by his own negligence contributed materially to his injury is left remediless because no man may recover damages for an injury to himself or to his property which he himself was a material instrument in causing. In the instant case, the charge is that appellee was driving an automobile in which his brother, appellant's intestate, was riding as a guest passenger, that through the negligence and carelessness of appellee, the car in which they were riding ran into another automobile, and that by reason thereof, the brother of appellee was killed. Under the foregoing authorities, the amended counterclaim did not

state a cause of action, and the trial court did not err in dismissing the same. It is also defective in failing to charge appellee with wilful and wanton misconduct.

The record discloses that prior to the time appellee and his co-counter defendant, Julian Oellig, had answered the counterclaim, they had interposed a motion to dismiss on the ground that the counterclaim was insufficient because it appeared therefrom that appellant's intestate was a guest passenger in the automobile being driven by appellee and that it was not alleged that his death was the result of the wilful and wanton misconduct of appellee. This motion was denied and thereafter appellee and his co-counter defendant filed a motion similar to that filed by appellee on November 25, 1939 and which set up, as grounds for dismissal, the fact that it appeared from the counterclaim that counterclaimant's intestate and Julian Oellig and appellee were brothers and next of kin. This motion was also denied and thereafter both counter defendants answered. Counsel for appellant insist that the questions raised by these motions to dismiss, having been passed on adversely to the contentions of appellee, it was error for the trial court to permit him to withdraw his answer and revive the question by filing another motion to dismiss. The defects which appellee urged go to the failure of the amended counterclaim to state a cause of action. While the case was being tried, the counterclaim was dismissed as to one counter defendant. After the motion for a new trial was sustained, the trial court retained the same control over the pleadings as if no jury trial had ever occurred. *Shaw v. Dorris,* 290 Ill. 196. And if the trial court came to the conclusion that the prior motion to dismiss should have been sustained, it was clearly proper to permit the withdrawal of the answer and permit a motion to dismiss to be filed. 49 C. J. 661, 662. *Municipal Employees Ins. Ass'n of Chicago v. Taylor,* 300 Ill. App. 231.

The trial court which overruled appellee's previous motion to dismiss the counterclaim on the ground that it failed to allege any wilful or wanton misconduct on the part of appellee concluded that sec. 58a, ch. 95½, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 85.064(1)] was unconstitutional. Appellee assigns cross error challenging this holding and made a motion in this court to transfer this cause to the Supreme Court. The record discloses that in opposition to the original motion of appellee to dismiss appellant insisted the Guest Act was invalid and the trial court so held. Subsequently, by leave of court, appellee filed in the trial court another motion to dismiss, basing the same, not upon the alleged invalidity of the provisions of the Guest Act, but upon the ground that the negligence charged was that of appellee who was next of kin to counterclaimant's intestate. It was this motion which the trial court sustained. The trial court which sustained this motion never had submitted to it the grounds relied upon by appellee in its previous motion. Appellee, as disclosed by this record, abandoned the grounds relied upon by him in his first motion to dismiss, and the trial court when it sustained appellee's motion to dismiss and held the allegations of the amended counterclaim insufficient and rendered the judgment appealed from never had presented to it or considered the constitutional question which appellee seeks to raise.

The motion of appellee to transfer the cause to the Supreme Court is denied. The cross error of appellee is overruled, and the judgment of the trial court affirmed.

*Judgment affirmed.*