KAREN MAGA, Indiv. and as Special Adm'r of the Estate of Donald Maga, Deceased, Plaintiff-Appellant, v. MOTOROLA, INC., *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 87—347

Opinion filed November 17, 1987.

Robert J. Vollen and Lora E. Minichillo, both of Schwartz & Freeman, and Mychal P. Angelos, of Angelos, Angelos & Anagnos, Ltd., both of Chicago, for appellant.

Crooks & Gilligan, Ltd., of Chicago (John P. Prusik, of counsel), for appellees.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff appeals an order dismissing certain portions of her second amended complaint pursuant to section 2—615 of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 2—615.) The issue certified by the circuit court in this interlocutory appeal (107 Ill. 2d R. 308) is whether plaintiff may plead an action for injuries suffered by decedent's spouse and his parents and siblings under section 2 of the Wrongful Death Act. Ill. Rev. Stat. 1985, ch. 70, par. 2.

The following facts are taken from the second amended complaint. Plaintiff's decedent, Donald Maga, was struck and killed by a truck owned by defendant Motorola, Inc. (Motorola) and operated by codefendant Robert A. Hope III (Hope), a Motorola employee, on June 14, 1980. Decedent's survivors included his wife, Karen Maga (Maga), his parents, a brother and two sisters. Decedent left no surviving children.

Plaintiff Maga, individually and as special administratrix, filed a complaint against Motorola and Hope in 1981 and successfully moved,

on January 20, 1987, for leave to file a second amended complaint. The second amended complaint sought damages under the Wrongful Death Act (Ill. Rev. Stat. 1985, ch. 70, par. 2) for alleged pecuniary losses suffered by plaintiff, as decedent's surviving spouse, and by decedent's parents and siblings, as "next of kin."

Defendants moved to strike and dismiss those portions of the complaint pertaining to decedent's next of kin under section 2–615 of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 2–615.) Defendants argued that: the Wrongful Death Act was intended to compensate a decedent's "surviving spouse and next of kin"; "next of kin" are those blood relatives of decedent in existence at decedent's death who would take his property if decedent died intestate; under section 2–1(c) of the Probate Act (Ill. Rev. Stat. 1985, ch. 110½, par. 2–1(c)), where the decedent leaves no descendants, the surviving spouse of an intestate decedent takes decedent's entire estate; and, since Maga survived her husband, no claim could be made on behalf of decedent's parents or siblings. The circuit court dismissed those portions of plaintiff's second amended complaint which alleged loss to and requested relief for Donald Maga's blood relatives and pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308), the circuit court certified the following question for this court's determination:

"Whether the term 'next of kin' as used in section 2 of the Wrongful Death Act means the persons nearest of kindred to the decedent, that is, those who are most nearly related to him by blood, or, whether said term means only those who are entitled to take under statutory distribution of intestate's estate.

The question of law involved may also be rephrased in the following terms[:] *** [a]re the parents and siblings of decedent, DONALD MAGA, next of kin within the meaning of section 2 of the Wrongful Death Act, so that this Wrongful Death action may be prosecuted for their benefit as well as the benefit of the surviving spouse?"

We have allowed the interlocutory appeal.

I

■ All well-pleaded facts in Maga's second amended complaint and all reasonable inferences taken therefrom must be taken as true in a section 2–615 motion, for the purpose of determining whether those facts are sufficient, as a matter of law, to support a cause of action. *Rothe v. Maloney Cadillac, Inc.* (1986), 142 Ill. App. 3d 937, 939, 492 N.E.2d 497, *appeal allowed* (1986), 112 Ill. 2d 594.

■ Maga's second amended complaint seeks damages under the

Wrongful Death Act, under which recovery is limited to those beneficiaries named in the statute: decedent's surviving spouse and next of kin. (*Rodgers v. Consolidated R.R. Corp.* (1985), 136 Ill. App. 3d 191, 194, 482 N.E.2d 1080; *In re Estate of Edwards* (1982), 106 Ill. App. 3d 635, 638, 435 N.E.2d 1379; Ill. Rev. Stat. 1985, ch. 70, par. 2.) Traditionally, Illinois courts have defined "next of kin" as blood relatives in existence at the time of decedent's death who would take his or her personal property in the event decedent died intestate. (*Wilcox v. Bierd* (1928), 330 Ill. 571, 582, 162 N.E. 170, *overruled on other grounds, McDaniel v. Bullard* (1966), 34 Ill. 2d 487, 216 N.E.2d 140; see also *Means v. City of Chicago* (N.D. Ill. 1982), 535 F. Supp. 455, 465; *Gustafson v. Consumers Sales Agency, Inc.* (1953), 414 Ill. 235, 245, 110 N.E.2d 865; *Dotson v. Sears, Roebuck & Co.* (1987), 157 Ill. App. 3d 1036, 1047, 510 N.E.2d 1208; *Forthenberry v. Franciscan Sisters Health Care Corp.* (1987), 156 Ill. App. 3d 634, 637, 509 N.E.2d 166; *Rodgers v. Consolidated R.R. Corp.*, 136 Ill. App. 3d at 194-95; *In re Estate of Dillman* (1955), 8 Ill. App. 2d 239, 242, 131 N.E.2d 634; *McGraw v. Oellig* (1941), 309 Ill. App. 628, 633, 33 N.E.2d 758.) Determining which of decedent's relatives are permitted to recover under the Wrongful Death Act, therefore, requires references to the Probate Act (*Wilcox*, 330 Ill. at 582; *Dotson v. Sears, Roebuck & Co.*, 157 Ill. App. 3d at 1047); those persons entitled to share in decedent's intestate estate under the Probate Act qualify as beneficiaries under the Wrongful Death Act.

Plaintiff challenges the foregoing construction of "next of kin," arguing that it has been invalid since 1955. The Wrongful Death Act as originally enacted in 1853 provided in relevant part:

"[T]he amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate." (1853 Ill. Laws 97 ("An Act requiring compensation for causing death by wrongful act, neglect or default").)

In 1955, the Wrongful Death Act was amended to read:

"[T]he amount recovered in every such action shall be for the exclusive benefit of the widow[1] and next of kin of such deceased person *** and in every such action the jury may give such damages as they shall deem a fair and just compensation

---

[1]In 1973, "widow" and "wife" were amended to read "surviving spouse." Ill. Rev. Stat. 1973, ch. 70, par. 2.

with reference to the pecuniary injuries resulting from such death, to the wife and next of kin of such deceased person.

\* \* \*

The amount recovered in any such action shall be distributed by the court in which the cause [was] heard or, in the case of an agreed settlement, by the county or probate court,[2] as the case may be, to each of the widow and next of kin of such deceased person in the proportion, as determined by the court, that the percentage of dependency of each such person upon the deceased person bears to the sum of the percentages of dependency of all such persons upon the deceased person." (Ill. Rev. Stat. 1955, ch. 70, par. 2.)

This provision is still in effect. Ill. Rev. Stat. 1985, ch. 70, par. 2.

Plaintiff contends that by deleting the phrase "and shall be distributed to such widow and next of kin in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate," the legislature intended to eliminate the statutory intestate distribution scheme as a means of determining beneficiaries under the Wrongful Death Act. (See *Rusher v. Smith* (1979), 70 Ill. App. 3d 889, 894, 388 N.E.2d 906.) Plaintiff asserts that the correct interpretation of "next of kin" is now "persons nearest of kindred to the decedent." Two appellate decisions have departed from the traditional interpretation, awarding damages to individuals otherwise ineligible to take under the intestate distribution scheme. They did so, however, without discussion of the issue raised here. See *Johnson v. Village of Libertyville* (1986), 150 Ill. App. 3d 971, 973-74, 502 N.E.2d 474; *Rusher v. Smith*, 70 Ill. App. 3d at 894.[3]

## II

Plaintiff next insists that the Wrongful Death Act creates two categories of takers: the spouse *and* the next of kin. The argument continues that when a decedent is survived by a spouse and children, the children take as the decedent's next of kin, to the exclusion of all other relatives. (*Forthenberry v. Franciscan Sisters Health Corp.*

---

[2]"County or probate" was amended to read "circuit" in 1965. Ill. Rev. Stat. 1965, ch. 70, par. 2.

[3]Plaintiff cites other decisions to support her position: *Sheahan v. Northeast Illinois Regional Commuter R.R. Corp.* (1986), 146 Ill. App. 3d 116, 496 N.E.2d 1179; *Rodgers v. Consolidated R.R. Corp.* (1985), 136 Ill. App. 3d 191, 482 N.E.2d 1080. *Sheahan* is inapposite; the issue on review was whether siblings are barred under the Act from any claims for loss of companionship or loss of society. *Rodgers* supports the *Wilcox* interpretation of "next of kin."

(1987), 156 Ill. App. 3d 634, 509 N.E.2d 166; *Rodgers v. Consolidated R.R. Corp.* (1985), 136 Ill. App. 3d 191, 482 N.E.2d 1080; *Rust v. Holland* (1957), 15 Ill. App. 2d 369, 146 N.E.2d 82.) When a decedent is survived by a spouse and parents, but no children, however, the parents take as the decedent's next of kin. (*Johnson v. Village of Libertyville* (1986), 150 Ill. App. 3d 971, 502 N.E.2d 474.) But, where, as here, a decedent is survived by a spouse, parents and siblings (or an unmarried decedent is survived by parents and siblings), the parents and siblings are next of kin under the Wrongful Death Act, citing *Ballweg v. City of Springfield* (1986), 114 Ill. 2d 107, 499 N.E.2d 1373, *Bullard v. Barnes* (1984), 102 Ill. 2d 505, 468 N.E.2d 1228, *Sheahan v. Northeast Illinois Regional Commuter R.R. Corp.* (1986), 146 Ill. App. 3d 116, 496 N.E.2d 1179, *Prendergast v. Cox* (1984), 128 Ill. App. 3d 84, 470 N.E.2d 34, and relying upon the recent decision in *Porter v. Klein Construction Co.* (1987), 162 Ill. App. 3d 1. None of the foregoing authorities so hold and none has had the issue before it as is present in the instant case. Further, there was no surviving spouse, as in the present case, involved in *Ballweg*, *Bullard* or *Cox*. As previously noted, *Sheahan* decided only the issue of whether siblings could claim loss of companionship or loss of society under the Wrongful Death Act.

In *Porter*, the appellate court explicitly held that only the method of distribution, not the expansion of the beneficiary class, was effected by the 1955 amendment to the Wrongful Death Act. (*Porter v. Klein Construction Co.*, 162 Ill. App. 3d at 4; see *In re Estate of Keeling* (1985), 133 Ill. App. 3d 226, 229, 478 N.E.2d 871; *Rust v. Holland* (1957), 15 Ill. App. 2d 369, 373, 146 N.E.2d 82.) Before 1955, both the beneficiary class and the proportion of damages awarded were ascertained by reference to the Probate Act. Since 1955, the percentage of a judgment is distributed to each beneficiary based on his or her dependency on the decedent, with "next of kin" still identified in accordance with the Probate Act. An amendatory act must be construed as continuing in effect the unchanged portions of the act and, more importantly, if previously construed terms in the unamended sections are used in the amendment, it will be concluded that the legislature intended to adopt the prior construction given to those terms. (*Hupp v. Gray* (1978), 73 Ill. 2d 78, 86, 382 N.E.2d 1211.) By 1955, the definition of "next of kin" embraced by *Wilcox* and its progeny was soundly established in Illinois case law. The legislature presumably was aware of *Wilcox* and its interpretation of the Wrongful Death Act. It must be assumed, therefore, that the legislature intended to let stand the supreme court's construction of "next

of kin," as followed by ensuing decisions.

In the case *sub judice*, decedent's survivors included his wife, his parents and three siblings. Under the Probate Act, parents and siblings take only if the decedent leaves neither a surviving spouse nor decendants (Ill. Rev. Stat. 1985, ch. 110½, pars. 2—1(a) through (d)), a fact not present in the instant case.

For the reasons stated, we answer in the negative the certified question of whether, under the facts of this case, the "parents and siblings of decedent, *** [are] next of kin within the meaning of section 2 of the Wrongful Death Act." The circuit court did not err in dismissing those portions of plaintiff's second amended complaint requesting relief for decedent's parents and siblings, and we affirm.

Affirmed.

STAMOS and BILANDIC, JJ., concur.