GIANNA A. HOLMGREN, Indiv. and as Adm'r of the Estate of Stephen William Holmgren, Deceased, Plaintiff-Appellee, v. NATIONAL BIG-4 ASBESTOS REMOVAL SPECIALTY, INC., *et al.*, Defendants-Appellees (Leonard W. Holmgren *et al.*, Petitioners-Appellants).

Third District   No. 3—91—0570

Opinion filed May 12, 1992.

Samuel S. McHard, of Katz, McAndrews, Balch, Lefstein & Fieweger, of Rock Island, for appellants.

John A. Slevin, of Vonachen, Lawless, Trager & Slevin, of Peoria, for appellee.

JUSTICE SLATER delivered the opinion of the court:

Petitioners, Leonard and Anne Holmgren, appeal from an order of the circuit court denying their petition to intervene in a wrongful death action stemming from the death of their son, Stephen Holmgren. The issue raised on appeal is whether the parents of a decedent are beneficiaries under the Wrongful Death Act (hereinafter the Act) (Ill. Rev. Stat. 1989, ch. 70, par. 2) when the decedent leaves a surviving spouse. We affirm the order of the circuit court.

Stephen Holmgren was killed in July 1990 when his car collided with a truck. He was married two months before the accident. His wife, Gianna Holmgren, filed a wrongful death action against the truck driver and his employer. Petitioners filed a petition to intervene in the action, claiming to be beneficiaries entitled to recover along with the decedent's wife. The trial judge denied the petition by order of July 1, 1991, finding that "parents may not recover in a wrongful death action where the decedent had a surviving spouse."

■ Petitioners contend as parents of the decedent, who is also survived by a spouse but no children, that they are beneficiaries under the Act. The Act provides in relevant part:

> "Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the surviving spouse and next of kin of such deceased person." (Ill. Rev. Stat. 1989, ch. 70, par. 2.)

Recovery under the Act is limited to those beneficiaries clearly described in the statute. (*In re Estate of Edwards* (1982), 106 Ill. App. 3d 635, 435 N.E.2d 1379.) The beneficiaries as defined by the Act are "the surviving spouse and next of kin." Petitioners contend that they are decedent's next of kin.

■ Our supreme court has defined "next of kin" as those blood relatives in existence at the time of decedent's death who would take his or her personal property in the event decedent died intestate. (*Wilcox v. Bierd* (1928), 330 Ill. 571, 582, 162 N.E. 170, *overruled on other grounds, McDaniel v. Bullard* (1966), 34 Ill. 2d 487, 216 N.E.2d 140.) Subsequent cases have relied upon this definition in a variety of situations. (See *Schmall v. Village of Addison* (1988), 171 Ill. App. 3d 344, 525 N.E.2d 258; *Forthenberry v. Franciscan Sisters Health Care Corp.* (1987), 156 Ill. App. 3d 634, 509 N.E.2d 166; *Maga v. Motorola, Inc.* (1987), 163 Ill. App. 3d 524, 516 N.E.2d 774; *Rodgers v. Consolidated R.R. Corp.* (1985), 136 Ill. App. 3d 191, 482 N.E.2d 1080; *Gustafson v. Consumers Sales Agency, Inc.* (1953), 414 Ill. 235, 110 N.E.2d 865.) Therefore, determining which of decedent's relatives are allowed to recover under the Wrongful Death Act requires reference to the Probate Act of 1975 (Ill. Rev. Stat. 1989, ch. 110½, par. 1—1 *et seq.*). (*Rallo v. The Crossroads Clinic, Inc.* (1990), 206 Ill. App. 3d 676, 565 N.E.2d 15; *Dotson v. Sears, Roebuck & Co.* (1987), 157 Ill. App. 3d 1036, 510 N.E.2d 1208.) Under the Probate Act, parents are entitled to the property of the decedent only if the decedent does not leave a surviving spouse or children. (Ill. Rev. Stat. 1989, ch. 110½, pars. 2—1(a) through (d).) The petitioners in this case, as parents of a decedent who left a surviving spouse, are not next of kin within the meaning of section 2 of the Act.

Petitioners contend that the definition of "next of kin" set forth by our supreme court in *Wilcox* is outdated because *Wilcox* was decided prior to the 1955 amendment of the Act. Before 1955, a damage award was distributed to the spouse and next of kin in accordance with the Probate Act. Since 1955, the amount recovered is distributed to the spouse and next of kin based on the actual dependency of each person on the decedent. Petitioners contend that since recoveries are no longer divided according to the Probate Act, the class of beneficiaries is no longer limited to those who would take under the Probate Act. The correct interpretation of "next of kin," the petitioners argue, is now "the person or persons in the nearest degree of relationship by blood to another person." Two cases, with little or no discussion of the purpose of the amendment or the intent of the legislature, support petitioners' position. (*Johnson v. Village of Libertyville* (1986), 150 Ill. App. 3d 971, 502 N.E.2d 474; *Rusher v. Smith* (1979), 70 Ill. App. 3d 889, 388 N.E.2d 906.) Other courts have specifically rejected petitioners' argument. See *Maga*, 163 Ill. App. 3d 524, 516 N.E.2d 774; *Dotson*, 157 Ill. App. 3d 1036, 510 N.E.2d 1208; *Rallo*,

206 Ill. App. 3d 676, 565 N.E.2d 15; *Porter v. Klein Construction Co.* (1987), 162 Ill. App. 3d 1, 515 N.E.2d 821.

In *Porter*, the court made the following analysis concerning the 1955 amendment:

> "In 1928, when *Wilcox* was decided, an award under the Act was to be disbursed in a proportion which was related to the distribution of personal property left by persons dying intestate. An adult child who was not dependent in any way would share equally with minor children who were fully dependent. In 1955 the legislature amended the Act so that distribution would be based on the actual dependency of the spouse and next of kin. [Citation.] Although the legislature changed the method of distribution, it did not expand the class of beneficiaries. The phrase 'next of kin' was unaltered. A reenacted statute will be given the same construction as that given the prior act because by reenactment the legislature is presumed to have intended that the new statute have the same effect. [Citation.] Thus, an amendatory act is not only to be construed as continuing in effect the unchanged portions thereof, but, more significantly, if previously construed terms in the unamended sections are used in the amendment, it is generally concluded that the legislature intended to adopt the prior construction given these terms." *Porter*, 162 Ill. App. 3d at 3-4, 515 N.E.2d at 823.

The analysis and reasoning of the court in *Porter* were followed in *Maga v. Motorola, Inc.* (1987), 163 Ill. App. 3d 524, 516 N.E.2d 774, where the facts were virtually identical to the instant case. The decedent left a surviving spouse but no children, and his parents and siblings claimed to be beneficiaries under the Act. The plaintiff argued that the 1955 amendment eliminated the statutory intestate distribution scheme as a means of determining beneficiaries under the Act. The court in *Maga* rejected the plaintiff's argument, finding that only the method of distribution, not the expansion of the beneficiary class, was effected by the 1955 amendment. The court held that where the decedent is survived by a spouse, the decedent's parents and siblings are not next of kin within the meaning of section 2 of the Act. *Maga*, 163 Ill. App. 3d at 530, 516 N.E.2d at 777.

In the recent case of *Rallo v. The Crossroads Clinic, Inc.* (1990), 206 Ill. App. 3d 676, 565 N.E.2d 15, the mother and siblings of the decedent appealed from an order dismissing them as beneficiaries in a wrongful death action where the decedent left two minor children. The court affirmed the dismissal, finding that the parents and siblings

of the decedent were not "next of kin" within the meaning of section 2 of the Act.

> "Section 2 of the Wrongful Death Act refers to persons who take the personal property of the deceased in case of an intestacy. *** Pursuant to the Probate Act, parents and siblings are entitled to the property of the decedent only if the decedent does not leave a surviving spouse or children." *Rallo*, 206 Ill. App. 3d at 680, 565 N.E.2d at 17.

█ We agree with the analysis set forth in *Porter* and followed in *Maga* and *Rallo*. Because petitioners would not share in the decedent's estate had he died intestate, they are not "next of kin" within the meaning of section 2 of the Act. Therefore, they are not proper beneficiaries. The order of the circuit court of Tazewell County denying the petition to intervene is affirmed.

Affirmed.

GORMAN and McCUSKEY, JJ., concur.