MARY MORRIS, Adm'r of the Estate of Georgia Holland, Deceased, Plaintiff-Appellee, v. WILLIAM L. DAWSON NURSING CENTER, INC., Defendant.—CHARNA ERVIN, Petitioner-Appellant, v. MARY MORRIS *et al.*, Respondents-Appellees.

First District (6th Division)   Nos. 1—97—3321, 1—97—3352 cons.

Opinion filed October 30, 1998.

Rieck & Crotty, P.C., of Chicago (Jerome F. Crotty, of counsel), and Carol Henderson & Associates, of Gulfport, Mississippi (Carol L. Henderson and Tracy T. NeCaise, of counsel), for appellant.

Reed Millsaps, of Northbrook, for appellees.

JUSTICE BUCKLEY delivered the opinion of the court:

This is a consolidated appeal from an order entered by the law division of the circuit court of Cook County and from an order entered by the probate division of the circuit court of Cook County. Plaintiff, Mary Morris, as administrator of the estate of Georgia Holland, deceased (decedent), brought an action in the circuit court of Cook County, law division, to recover damages for the personal injury and wrongful death of decedent. The case ultimately settled. The law division found that Charna Ervin (petitioner), one of decedent's adult grandchildren, was entitled to a share of the personal injury proceeds but was not entitled to a share of the wrongful death proceeds. Petitioner now appeals and raises the following issues: (1) whether the law division court erred when it included decedent's seven siblings with decedent's two grandchildren as "next of kin" and beneficiaries under the Illinois Wrongful Death Act (740 ILCS Ann. 180/2 (West Supp. 1998) (the Act)); (2) whether the law division court erred in its findings relative to the percentage of dependency of each wrongful death beneficiary upon decedent; (3) whether the law division erred in its adjudication of Medicare's lien; and (4) whether the probate court's order was proper.

STATEMENT OF FACTS

This dispute arises out of the death of decedent at a nursing home. Plaintiff, Mary Morris, as administrator of decedent's estate, brought an action in the circuit court of Cook County, law division, to recover damages for the personal injury and wrongful death of decedent. Defendant McDonald Medicar, Inc., offered the sum of $10,000 in settlement. Defendant William L. Dawson Nursing Center, Inc., offered the sum of $300,000 in settlement. The United States Attorney was granted leave to file a special and limited appearance on behalf of Medicare making a claim of $48,370.81. Plaintiff filed a motion for approval of proposed settlement, adjudication of liens, determination of next of kin and dependency of each, and dismissal of the case.

On August 12, 1997, the trial court approved the proposed settlement, adjudicated Medicare's lien, and apportioned 60% of the total proceeds as settlement of the personal injury action and the remaining 40% as settlement of the wrongful death action. The trial court found the personal injury settlement proceeds distributable to decedent's heirs, her two adult grandchildren, namely, petitioner and Joe Louis Ervin, after reduction by Medicare's lien. For purposes of the distribution of the wrongful death proceeds, the trial court determined the decedent's next of kin and dependency of each pursuant to the Act as

follows: Joe Louis Ervin (adult grandson)—0%; Charna Ervin, petitioner (adult granddaughter)—0%; Mary Morris (adult sibling)—40%; Audrey McMillan (adult sibling)—20%; Edna Ruth Kelley (adult sibling)—20%; Clarence Jones (adult sibling)—5%; Louis Jones (adult sibling)—5%; Barbara Jean Coleman (adult sibling)—5%; and Bonnie Jean Dickerson (adult sibling)—5%. Decedent left no surviving spouse and was predeceased by her only child, petitioner's father.

On August 21, 1997, the probate division entered an order authorizing plaintiff to accept $310,000 as settlement of the law division case, authorizing plaintiff to make distributions consistent with the law division's order of August 12, 1997, and fixing and approving plaintiff's bond in the amount of $465,000.

On August 29, 1997, petitioner filed a separate notice of appeal from both the law division order of August 12, 1997, and the probate division order of August 21, 1997. The appeals were consolidated by order of this court.

DISCUSSION

The first issue before this court is whether siblings of a decedent can recover under the Act when decedent is survived by grandchildren.

■ Petitioner asserts that the plain language of the Act and the long-standing definition of "next of kin" support her argument that, under the facts of this case, decedent's two grandchildren are "next of kin" to the exclusion of decedent's seven surviving siblings, and, therefore, decedent's siblings are not beneficiaries of the wrongful death proceeds. Specifically, petitioner asserts that a determination of a decedent's "next of kin" requires reference to the Illinois rules of descent and distribution as set forth in section 2—1 of the Probate Act of 1975 (the Probate Act). 755 ILCS 5/2—1(West 1992). In the instant case, decedent left no surviving spouse; therefore, the applicable section of the Probate Act is section 2—1(b) which provides that "[i]f there is no surviving spouse but a descendant of the decedent: the entire estate to the decedent's descendants per stirpes." 755 ILCS 5/2—1(b) (West 1992). Accordingly, under petitioner's argument, the grandchildren, not the siblings, would be decedent's "next of kin."

■ The Act sets forth who may bring an action for wrongful death and for whose benefit the action may be brought. The Act provides in pertinent part as follows:

"Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse

and next of kin of such deceased person." 740 ILCS Ann. 180/2 (West Supp. 1998).

The Act further provides:

> "The amount recovered in any such action shall be distributed by the court in which the cause is heard or, in the case of an agreed settlement, by the circuit court, to each of the surviving spouse and next of kin of such deceased person in the proportion, as determined by the court, that the percentage of dependency of each such person upon the deceased person bears to the sum of the percentages of dependency of all such persons upon the deceased person." 740 ILCS Ann. 180/2 (West Supp. 1998).

While the Act does not define "next of kin," the central issue in this case, many Illinois courts have addressed the interpretation of the term. Plaintiff relies primarily on the following three cases: *Porter v. Klein Construction Co.*, 162 Ill. App. 3d 1 (1987); *Maga v. Motorala, Inc.*, 163 Ill. App. 3d 524 (1987); and *Rallo v. Crossroads Clinic, Inc.*, 206 Ill. App. 3d 676 (1990). In each case, this court applied the appropriate section of the Probate Act to determine the decedent's "next of kin."

In *Porter*, decedent was survived by a wife and children; therefore, the court found that decedent's mother was not "next of kin" under the Act. *Porter*, 162 Ill. App. 3d at 4. In *Maga*, decedent was survived by a spouse; therefore, the court found that, pursuant to section 2—1(c) of the Probate Act, the parents and siblings were not "next of kin" under the Act. *Maga*, 163 Ill. App. 3d at 526. And in *Rallo*, decedent left two surviving children; therefore, the court found that, pursuant to section 2—1(b) of the Probate Act, decedent's mother and siblings were not "next of kin" under the Act. *Rallo*, 206 Ill. App. 3d at 680-83.

In reaching our conclusion in each of *Porter*, *Maga*, and *Rallo*, we pointed to the case of *Wilcox v. Bierd*, 330 Ill. 571, 582 (1928), *overruled on other grounds, McDaniel v. Bullard*, 34 Ill. 2d 407 (1966), which defined "next of kin" as blood relatives in existence at the time of decedent's death who would take his or her personal property in the event decedent died intestate. We also reviewed the history of the Act. The Act was originally enacted in 1853 and subsequently amended in 1955. Prior to the 1955 amendment, the Act provided that " 'the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportion provided by law.' " *Maga*, 163 Ill. App. 3d at 527, quoting 1853 Ill. Laws 97. The plaintiffs in *Maga* argued that the 1955 deletion of the phrase "in

the proportion provided by law" evidences the intent of the legislature to eliminate the statutory intestate distribution scheme as a means of determining beneficiaries of the Act. *Maga*, 163 Ill. App. 3d at 528-30. This is essentially what respondents are asserting here since, in order for the adult siblings to qualify as beneficiaries under the Act, we would necessarily have to disregard the rules of descent and distribution found in the Probate Act which clearly designate decedent's grandchildren as her "next of kin." However, this court rejected that argument in *Maga*, pointing to the *Porter* case wherein our appellate court explicitly stated that only the method of distribution, not the expansion of the beneficiary class, was affected by the 1955 amendment to the Act. *Porter*, 162 Ill. App. 3d at 4. We reinforced this holding once again in *Rallo*. *Rallo*, 206 Ill. App. 3d at 681-82. In each case, this court stated that since the legislature was aware of *Wilcox* and its interpretation of "next of kin" when it amended the Act and left the term unchanged, it must be assumed that the legislature intended to adopt the court's construction of that term. *Maga*, 163 Ill. App. 3d at 529-30. This court has repeatedly addressed the issue of the interpretation of "next of kin" and found that reference to the Probate Act is required.

Nevertheless, respondents argue, there are "two lines of cases" in Illinois which address this issue, one of which recognizes the ability of siblings to recover under the Act. Respondents argue that the *Porter*, *Maga*, and *Rallo* line of cases is distinguishable because, in each case, decedent was survived by a spouse, children or both. Indeed, the cases are factually distinguishable since, in the instant case, decedent was not survived by either a spouse or children. However, while the facts may be distinguishable, we agree with the underlying analysis. In each case, we reached our conclusions as to who was decedent's "next of kin" by applying the relevant section of the Probate Act. The fact that the particular circumstances of each case were different and led the court to a different section of the Probate Act is immaterial.

Respondents also cite the following cases, a "second line of cases," which they assert hold that adult siblings may recover under the Act: *Rusher v. Smith*, 70 Ill. App. 3d 889 (1979); *Sheahan v. Northeast Illinois Regional Commuter R.R. Corp.*, 146 Ill. App. 3d 116 (1986); *Johnson v. Village of Libertyville*, 150 Ill. App. 3d 971 (1986); and *Schmall v. Village of Addison*, 171 Ill. App. 3d 344 (1988). After a review of each case, we find that they do not support respondents' position.

First, in *Rusher*, decedent was survived by his spouse and parents. *Rusher*, 70 Ill. App. 3d at 891. There were no lineal descendants. The

fifth district found that the spouse was precluded from recovery under the Act due to her participation in decedent's death; therefore, the court held that decedent's parents were entitled to be the sole beneficiaries of the wrongful death proceeds. *Rusher*, 70 Ill. App. 3d at 894.

In *Sheahan*, decedent was killed by a train and survived by his siblings. *Sheahan*, 117 Ill. App. 3d at 117. There was no surviving spouse or lineal descendants. The trial court struck the siblings' claims under the Act for damages resulting from loss of companionship and loss of inheritance. *Sheahan*, 117 Ill. App. 3d at 117. On appeal, this court held that siblings are not barred from asserting a claim for loss of companionship under the Act. *Sheahan*, 117 Ill. App. 3d at 120. The issue was not whether the siblings qualified as "next of kin." In fact, defendants conceded that the siblings were decedent's "next of kin." Rather, the argument put forth by the defendants in *Sheahan* and rejected by this court was that the loss of a sibling decedent's society is not a pecuniary interest and, therefore, not compensable under the Act. Thus, *Sheahan* stands for the proposition that siblings are not barred from recovery under the Act for loss of society or companionship. We do not disagree; however, in order for siblings to recover, they must first qualify as "next of kin." That is the issue before us: whether the siblings are "next of kin" when there are surviving grandchildren.

In *Schmall*, decedent was survived by parents and siblings. *Schmall*, 171 Ill. App. 3d at 346. The trial court dismissed the siblings' claims for loss of society. *Schmall*, 171 Ill. App. 3d at 348. The second district, applying the appropriate section of the Probate Act, found that since decedent left neither a spouse nor children, his parents and siblings were "next of kin." *Schmall*, 171 Ill. App. 3d at 351. The court then held that the siblings, having alleged pecuniary injury from loss of society, must be given an opportunity to prove their losses. *Schmall*, 171 Ill. App. 3d at 354. This case does not aid respondents. The court appropriately utilized the Probate Act and found that, because no spouse or children survived decedent, the parents and siblings were the "next of kin." *Schmall*, 171 Ill. App. 3d at 351.

In *Johnson*, decedent was survived by a spouse and parents. *Johnson*, 150 Ill. App. 3d at 973. The parents sought to intervene as plaintiffs in the wrongful death action and the trial court rejected the parents' attempts. *Johnson*, 150 Ill. App. 3d at 972-73. On appeal, the second district held that the parents had a right to intervene and prove their loss since the spouse, as representative, was not adequately protecting their interests. *Johnson*, 150 Ill. App. 3d at 977-78.

Only two of the cases cited by respondents, *Rusher* and *Johnson*, have departed from the recognized interpretation of "next of kin"

which employs the intestate distribution scheme set forth in the Probate Act. The reason for the departure in *Rusher* resulted from the spouse's preclusion from asserting a claim under the Act due to her participation in decedent's death. In the instant case, the grandchildren are not similarly precluded. The reason for the second district's departure in *Johnson* is not as evident. However, we note that neither *Rusher* nor *Johnson* addresses the precise issue before us. Moreover, the fifth district's decision in *Rusher* and the second district's decision in *Johnson* were made without reference to the history of the Act or to the intent of the legislature.

■ The weight of authority followed by this court interprets "next of kin" as set forth in the Act as being those persons who would qualify as beneficiaries according to the laws of intestate descent and distribution as provided in the Probate Act. Since decedent was not survived by a spouse but was survived by descendants, according to section 2—1(b) of the Probate Act the descendants, *i.e.,* the grandchildren, would take as beneficiaries to the exclusion of the adult siblings. 755 ILCS 5/2—1(b) (West 1992).

Accordingly, we find that the trial court erred in finding that the siblings were "next of kin" under the Act. We further find that petitioner and Joe Louis Ervin, decedent's two grandchildren, are entitled to recover all wrongful death proceeds to the exclusion of all others and any issue of dependency is solely between the two grandchildren.

■ Finally, petitioner asserts that the trial court erred in its adjudication of Medicare's lien inasmuch as the weight of the evidence was insufficient to support it. Petitioner has failed, however, to cite any authority in support of her argument. Lack of citation of legal authority in briefs before this court constitutes a failure to comply with Supreme Court Rule 341(e)(7) (134 Ill. 2d R. 341(e)(7)) and results in waiver. *People v. Hood*, 210 Ill. App. 3d 743, 746 (1991) ("[c]ontentions supported by some argument but absolutely no authority do not meet the requirements of Supreme Court Rule 341(e)(7)"); *People v. Barlow*, 188 Ill. App. 3d 393, 405 (1989) ("failure to provide this court with any legal argument or citation to supporting authority waives this issue for review"). Accordingly, we find these allegations of error have been waived.

CONCLUSION

For the foregoing reasons, we hereby reverse paragraph 7 of the law division's August 12, 1997, order relating to the distribution of the wrongful death proceeds. Further, we hereby reverse that portion

of the probate division's August 21, 1997, order authorizing distribution of such wrongful death proceeds. Finally, we hereby remand this cause to the trial court for further proceedings consistent with this opinion.

Affirmed in part and reversed in part; cause remanded.

CAMPBELL, P.J., and ZWICK, J., concur.