23 July 1999

No. 2--98--0987

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

MICHAEL MILLER, as Adm'r of     )  Appeal from the Circuit Court

the Estate of April R.          )  of Boone County.

Kramarczyk, Deceased; ELIZABETH )

KAMINSKI; and JOSEPH KAMINSKI,  )

                                )  

Plaintiffs-Appellees,      )  No. 97--L--22

                                )

v.                              )

                                )

JOHN J. KRAMARCZYK,             )

                                )

Defendant-Appellant        )  Honorable

                                )  Gerald F. Grubb,

(Dean A. Nemec, Defendant).     )  Judge, Presiding.

_________________________________________________________________

JUSTICE INGLIS delivered the opinion of the court: 

The decedent, April R. Kramarczyk, was a passenger in a car driven by her husband, defendant John J. Kramarczyk, when the car collided with one driven by defendant Dean A. Nemec.  The collision killed the decedent, who left no children.  Plaintiffs, Michael Miller, the administrator of the decedent's estate, and Elizabeth and Joseph Kaminski, the decedent's parents, brought this suit.  In counts I and III of the first amended complaint, Miller sought recovery on behalf of the Kaminskis against defendants under the Wrongful Death Act (Act) (740 ILCS 180/0.01 
et seq
. (West 1996)).  In counts II and IV, Miller and the Kaminskis sought recovery against defendants under the Survival Act (755 ILCS 5/27--6 (West 1996)).  

Defendants moved to dismiss the first amended complaint (see 735 ILCS 5/2--619.1 (West 1996)), asserting in part that the Act does not create a cause of action for the benefit of the parents of a decedent whose spouse survives her.  Defendants observed that, under section 2 of the Act, any amount recovered shall be "for the exclusive benefit of the surviving spouse and next of kin" of the deceased person (740 ILCS 180/2 (West 1996)).  They asserted that a decedent's parents are not the decedent's "next of kin"  if there is a surviving spouse, even if the spouse is a defendant in the wrongful death suit.  

The trial court denied the motions to dismiss and declined to reconsider its ruling.  Pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308), the court granted defendant John J. Kramarczyk's motion to certify the following question for a permissive interlocutory appeal:

"Whether the parents of the decedent are considered " 'next of kin' under the Wrongful Death Act, 740 ILCS 180/0.1 
et seq
. (West 1996)), when the decedent's sole surviving spouse is the alleged tortfeasor."

This court granted defendant Kramarczyk's petition for leave to appeal.  We now answer the certified question "no," and we remand the cause to the circuit court with directions to dismiss counts I and III of the first amended complaint.

The meaning of a statute is an issue of law that we decide 
de
 
novo
.  
In re Estate of Forrest
, 302 Ill. App. 3d 1021, 1024 (1999).  
To ascertain the legislature's intent, we rely first on the language the legislature used.  
People v. Woodard
, 175 Ill. 2d 435, 443 (1997).  Where the language is clear, we apply it straightforwardly.  
People v. Wittenmyer
, 151 Ill. 2d 175, 195 (1992).  Also, as the Act creates a cause of action that was unknown at common law, we must construe it strictly, declining to read in qualifications the legislature did not specify.  
Rallo v. Crossroads Clinic, Inc.
, 206 Ill. App. 3d 676, 680-81 (1990); 
Forthenberry v. Franciscan Sisters Health Care Corp.
, 156 Ill. App. 3d 634, 636 (1987).  

Recovery under the Act is limited to those beneficiaries clearly described in the statute.  
Porter v. Klein Construction Co.
, 162 Ill. App. 3d 1, 3 (1987).  As pertinent here, these beneficiaries are "the surviving spouse and next of kin of such deceased person" (740 ILCS 180/2 (West 1996)).  Our supreme court has long held that the decedent's "next of kin" are those blood relatives in existence at the decedent's death who would take the decedent's property if the decedent dies intestate.  
In re Estate of Finley
, 151 Ill. 2d 95, 101 (1992); 
Wilcox v. Bierd
, 330 Ill. 571, 582 (1928), 
overruled on other grounds
, 
McDaniel v. Bullard
, 34 Ill. 2d 487 (1966).  Although "next of kin" is sometimes used more loosely to denote whoever is most nearly related by blood to the decedent (see Black's Law Dictionary 1044 (6th ed. 1991)), 
Finley
 and 
Wilcox
 clearly hold that this less restrictive definition does not apply to the Act.  The appellate court has also explicitly stated that the term "next of kin" is to be understood in the more restrictive sense.  
Schmall v. Village of Addison
, 171 Ill. App. 3d 344, 351 (1988);  
Maga v. Motorola, Inc.
, 163 Ill. App. 3d 524, 527 (1987).   

Given this principle, determining which of the decedent's relatives may recover under the Act requires reference to the Probate Act of 1975 (755 ILCS 5/1--1 
et seq
. (West 1996)).  
Morris v. William L. Dawson Nursing Center, Inc.
, 299 Ill. App. 3d 1107, 1109 (1998), 
appeal allowed
, No. 86708, 182 Ill. 2d 552 (1999); 
Holmgren v. National Big-4 Asbestos Removal Specialty, Inc.
, 228 Ill. App. 3d 433, 435 (1992).  Section 2--1(c) of the Probate Act of 1975 provides that, if an intestate decedent leaves a spouse but no descendants, the surviving spouse receives the entire estate.  755 ILCS 5/2--1(c) (West 1996)).  Thus, as the parents of a decedent whose spouse survives take none of the decedent's property, they are not the decedent's "next of kin" per the Act and they have no cause of action under the Act.  
Holmgren
, 228 Ill. App. 3d at 435-37; 
Maga
, 163 Ill. App. 3d at 529-30.

We recognize that there is some authority otherwise.  In 
Rusher v. Smith
, 70 Ill. App. 3d 889 (1979), noting the use of the conjunctive in the phrase "surviving spouse and next of kin," the court held that, even if the decedent's spouse may recover under the Act, her parents may also recover in the same suit because they are her "next of kin."  
Rusher
, 70 Ill. App. 3d at 894.  In  
Johnson v. Village of Libertyville
, 150 Ill. App. 3d 971, 973-74 (1986), this court followed 
Rusher
 without discussion and allowed the decedent's parents to intervene in a wrongful death suit brought by the decedent's husband.

Several opinions recognize that 
Rusher
's reasoning is inconsistent with the supreme court's long-standing pronouncement that "next of kin" derives its meaning from the law of intestate succession and not from mere consanguinity.  See 
Morris
, 299 Ill. App. 3d at 1112-13; 
Holmgren
, 228 Ill. App. 3d at 435-36; 
Maga
, 163 Ill. App. 3d at 528.  Also, in holding that the parents of a decedent with a surviving spouse may be the decedent's "next of kin" under the Act, 
Rusher
 illogically relied on a case where there was no surviving spouse and the parents were thus the "next of kin" under the law of intestate succession.  
Rusher
, 70 Ill. App. 3d at 894, citing 
Jung v. Buelens
, 77 Ill. App. 2d 391 (1966).

Rusher
 and 
Johnson
 are not good law insofar as they expand the definition of "next of kin" beyond that provided by our supreme court both before and after 
Rusher
 and 
Johnson
 were decided.  We do not follow these opinions.  Instead, we agree with 
Holmgren
 and 
Maga
 that, when the decedent leaves a surviving spouse, the decedent's parents are not the "next of kin" and therefore may not recover under the Act. 

Plaintiffs argue that 
Holmgren
 and 
Maga
 are distinguishable because in neither case was the surviving spouse also the alleged tortfeasor in the wrongful death suit.  However,
 nothing in the Act creates this distinction where the complaint alleges no more than that the surviving spouse's negligence caused the decedent's death.  There is an exception to the
 
Holmgren
-
Maga
 rule where the surviving spouse intentionally and unjustifiably caused the decedent's death, as there the Probate Act of 1975 bars him from any share of her estate (see 755 ILCS 5/2--6 (West 1998)).  Thus, in such a case, if the decedent leaves no descendants, her parents may inherit from her estate (see 755 ILCS 5/2--1(d) (West 1998)), making them her "next of kin" under the Act.  No similar qualification exists when the surviving spouse's mere negligence caused the decedent's death.  As the Act is to be strictly construed, with recovery limited to the beneficiaries clearly specified thereunder, we decline to recognize any such implicit qualification to the 
Holmgren
-
Maga
 rule.

Accordingly, we answer the certified question in the negative and remand the cause for further proceedings consistent with this opinion.

Certified question answered; cause remanded.

BOWMAN, P.J., and HUTCHINSON, J., concur.